1  CARLE, MACKIE, POWER & ROSS LLP
   Philip J. Terry (148144)
2  100 B Street, Suite 400
   Santa Rosa, California 95401
3  Telephone: (707) 526-4200
   Facsimile: (707) 526-4707

4

5  Attorneys for Plaintiff
   Roland E. Garcia, doing business
   as "Garcia International Trading"

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 ROLAND E. GARCIA, doing business as      Case No.: C07-2279
   "GARCIA INTERNATIONAL TRADING",
11                                          **FIRST AMENDED COMPLAINT FOR**
                 Plaintiff,                 **COPYRIGHT INFRINGEMENT,**
12                                          **COMMON LAW MISAPPROPRIATION,**
           v.                               **VIOLATIONS OF CALIFORNIA**
13                                          **BUSINESS AND PROFESSIONS CODE §**
   DAVID COLEMAN, an individual; ANN        **17200, et seq., COMMON LAW UNFAIR**
14 COLEMAN, an individual; AMERIVINE,       **COMPETITION, FRAUD AND DECEIT,**
   INC.; and DOES 1-100,                    **CONVERSION, BREACH OF THE**
15                                          **IMPLIED COVENANT OF GOOD**
                 Defendants.                **FAITH AND FAIR DEALING, AND**
16                                          **CONSPIRACY**

17                                          **DEMAND FOR JURY TRIAL**

18

19        Plaintiff ROLAND E. GARCIA, doing business as "GARCIA INTERNATIONAL

20 TRADING" ("Garcia" or "Plaintiff"), hereby alleges upon knowledge as to himself and his own

21 acts and upon information and belief as to all other matters, as follows:

22        1.      This is an action for copyright infringement, common law misappropriation,

23 violations of California Business and Professions Code § 17200, et seq., common law unfair

24 competition, fraud and deceit, breach of the implied covenant of good faith and fair dealing, and

1  conspiracy in connection with Defendants' theft of Garcia's proprietary "SONOMA RIDGE"

2  brand name and copying of Garcia's wine label design.

3      2.     In 1994, Garcia developed a plan to sell wine with a proprietary brand name and

4  proprietary label.  Garcia selected the brand name "SONOMA RIDGE" and arranged for the

5  design of a proprietary wine label.  Garcia owns all copy rights to a particular photograph and

6  contracted with label designers to design a wine label using the name "SONOMA RIDGE" and

7  prominently featuring the photograph.

8      3.     In 1996, Garcia entered into an agreement with Defendants to supply Garcia with

9  bottled wine, labeled with Garcia's proprietary "SONOMA RIDGE" brand name and wine label.

10  In 1997, Garcia purchased 98 cases of Napa Valley Chardonnay and 112 cases of North Coast

11  Sauvignon Blanc from Defendants and arranged for this wine to be shipped to Garcia's company

12  in Germany for resale in Europe.  On information and belief, beginning in 1997, without

13  Garcia's knowledge or consent, Defendants stole and used Garcia's labels, stole Garcia's

14  proprietary "SONOMA RIDGE" brand name and copied Garcia's wine label including using

15  Garcia's photograph for their own wines sold in the United States.  Defendants conspired to keep

16  this information from Garcia.

17      4.     As a result of Defendants' wrongful actions, Garcia has been damaged in an

18  amount to be determined at trial.

19                          **PARTIES**

20      5.     Plaintiff is an individual residing in Escondido, California.

21      6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant David

22  Coleman is an individual residing in Santa Rosa, California.  From 1981 through the present,

23  David Coleman was an owner of Amerivine, Inc.

24  / / /

1    7.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Ann

2  Coleman is an individual residing in Santa Rosa, California.  From 1981 through the present,

3  Ann Coleman was an owner of, or had a community property interest in, Amerivine, Inc.

4    8.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

5  Amerivine, Inc. ("Amerivine") is, and at all relevant times was, a corporation organized and

6  existing under the laws of the State of California, with its principal place of business in Santa

7  Rosa, California.  From 1981 through 2004, Amerivine operated under the fictitious business

8  name of "Adler Fels Winery."

9    9.    The true names and capacities, whether individual, corporate, associate or

10  otherwise of Defendants sued herein as DOES 1 through 100, inclusive, are unknown to

11  Plaintiff, and are therefore sued by such fictitious names (the "Doe Defendants").  If necessary,

12  Plaintiff will seek leave of Court to amend this Complaint to state their true names and capacities

13  when the same have been ascertained.  Plaintiff is informed and believes, and on that basis

14  alleges, that each DOE Defendant is liable to Plaintiff as a result of their participation in all or

15  some of the acts hereinafter set forth.   David Coleman, Ann Coleman, Amerivine and the Doe

16  Defendants are referred to collectively herein as "Defendants."

17    10.    Plaintiff is informed and believes, and on that basis alleges, that at all times

18  mentioned in this Complaint, each of the Defendants was the agent of each of the other

19  Defendants and, in doing the things alleged herein, was acting within the scope of such agency.

20  Plaintiff is further informed and believes, and on that basis alleges, that the conduct of each of

21  the Defendants as alleged herein was ratified by each of the other Defendants and the benefits

22  thereof were accepted by each Defendant.

23  11.    Plaintiff is informed and believes, and on that basis alleges that it is therefore appropriate

24  and just to treat all Defendants as the same and hold them all liable for each other's wrongdoing.

**JURISDICTION AND VENUE**

12.     This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.  This Court has subject matter jurisdiction over this federal question pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).  The Court also has supplemental jurisdiction over Plaintiff's claims arising under California common law and California Business and Professions code § 17200 et seq. pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

13.     This Court has personal jurisdiction over Defendants David Coleman, Ann Coleman, and Amerivine in that, among other things, the Defendants reside and/or do business in this judicial District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

15.     In 1994, Garcia developed a plan to sell wine with a proprietary brand name and proprietary label using a photograph taken along Westside Road, near Healdsburg, California. Garcia owns all copy rights relating to this photograph.  Garcia's plan contemplated contracting with a third-party winery to supply and bottle the wine with Garcia's proprietary brand name and proprietary label, and offering the wines for sale first in Europe, and then later in the United States.

16.     During the period from 1994 to 1996, Garcia selected the name "SONOMA RIDGE" as the proprietary brand name for his wine and arranged for the design of a proprietary label.  Thereafter, Garcia contracted with label designers to design a wine label using the name "SONOMA RIDGE" and his Westside Road photograph.  A true and correct copy of Garcia's proprietary "SONOMA RIDGE" wine label design is attached hereto as Exhibit A.

17.     Sometime between June and December 1995, Garcia met David and Ann Coleman.  Soon thereafter, Garcia and his wife became friends with the Colemans, and the two couples began socializing together.

18.     On or around November 15, 1996, Garcia entered into a verbal agreement with the Coleman controlled company, Amerivine, to supply Garcia with bottled wine, labeled with Garcia's proprietary "SONOMA RIDGE" brand name and wine label. The first wines were to be a Napa Valley Chardonnay and North Coast Sauvignon Blanc.  According to their agreement, Garcia was to purchase the labels directly from a label printing company.  Amerivine would provide the wine and the rest of the packaging materials, and bottle and label the wine with Garcia's proprietary "SONOMA RIDGE" brand name and wine label.

19.     As part of their verbal agreement, Garcia and Defendants understood that Defendants would not use Garcia's proprietary "SONOMA RIDGE" brand name and wine label on any other wines.

20.     As part of their verbal agreement, Garcia agreed to pay in advance for a portion of the amount due relating to the first shipment of wine labeled with Garcia's proprietary "SONOMA RIDGE" brand name and wine label, and to pay the amount outstanding on delivery. Consequently, Amerivine prepared two invoices for such wine, Invoice 96-1115 in 1996 for 112 cases of wine in the amount of $3,920.00, and Invoice 97-621 in 1997 for 98 cases of wine in the amount of $3,360.00. True and correct copies of the two invoices received by Garcia from Defendants for the first shipment of wine are attached hereto as Exhibit B.

21.     On or around April 28, 1997, Garcia ordered 25,000 master wine labels featuring Garcia's proprietary "SONOMA RIDGE" brand name and wine label design from AC Label Company.  "Master" wine labels have the basic features of the wine label, but have not been printed with the specific varietal, vintage, and viticultural area applicable to a particular wine.

1  Garcia directed AC Label Company to imprint 3,000 of the "SONOMA RIDGE" master labels

2  with the words "1994 Napa Valley Chardonnay" and 1,500 of the master labels with the words

3  "1994 North Coast Sauvignon Blanc," and then ship those labels directly to Defendants. The

4  remaining 20,500 labels were to be retained by AC Label Company until they received further

5  direction from Garcia regarding future imprints for varietal, vintage, and viticultural area.  A true

6  and correct copy of the invoice received by Garcia from AC label is attached hereto as Exhibit C.

7         22.     On or around June 8, 1997, David Coleman filed an application for a Certificate

8  of Label Approval ("COLA") with the federal Bureau of Alcohol Tobacco and Firearms

9  ("BATF") for Garcia's proprietary "SONOMA RIDGE" wine label imprinted with the

10  information for the 1994 North Coast Sauvignon Blanc.  The application was made in the name

11  of Adler Fels Winery "for account of Garcia International Trading, Inc."  The application was

12  approved by the BATF on June 20, 1997. A true and correct copy of the COLA issued by the

13  BATF is attached hereto as Exhibit D.

14         23.     On or around June 1997, Amerivine shipped 112 cases of 1994 North Coast

15  Sauvignon Blanc and 98 cases of 1994 Napa Valley Chardonnay bearing Garcia's proprietary

16  "SONOMA RIDGE" wine label to Garcia's company in Germany.

17         24.     On information and belief, sometime after June 1997 and continuing until at least

18  2004, Defendants, without Garcia's knowledge or consent, began to produce, manufacture,

19  distribute, and sell wines bearing Garcia's proprietary "SONOMA RIDGE" brand name and

20  wine label design for their own benefit in the United States, in violation of Garcia's rights.

21  Moreover, on information and belief, Defendants sold wines bearing Garcia's proprietary

22  "SONOMA RIDGE" brand name and wine label design in places where Garcia was not likely to

23  become aware of such sales, including but not limited to sales outside of California.  Defendants

24

CARLE, MACKIE,
POWER & ROSS LLP

First Amended Complaint

1   intentionally failed to disclose to Garcia that Defendants were using Garcia's proprietary

2   "SONOMA RIDGE" brand name and wine label design for these purposes.

3       25.    On information and belief, sometime after June 1997, without Garcia's

4   knowledge or consent, Defendants stole and converted the approximately 2,000 "SONOMA

5   RIDGE" 1994 Napa Valley Chardonnay wine labels that were left over from the bottling of the

6   wines for Garcia.  On information and belief, sometime after June 1997, without Garcia's

7   knowledge or consent, Defendants produced, manufactured, distributed, and sold wines labeled

8   with Garcia's 2,000 "SONOMA RIDGE" 1994 Napa Valley Chardonnay wine labels.

9   Defendants intentionally failed to disclose to Garcia that Defendants were using Garcia's 2,000

10  "SONOMA RIDGE" 1994 Napa Valley Chardonnay wine labels for these purposes.

11      26.    On information and belief, sometime after June 1997, without Garcia's

12  knowledge or consent, Defendants stole and converted the approximately 20,500 "SONOMA

13  RIDGE" master labels remaining at AC Label Company.  On information and belief, sometime

14  after June 1997, without Garcia's knowledge or consent, Defendants instructed AC Label

15  Company to imprint these master labels with specific varietal, vintage, and viticultural area

16  information relating to Defendants' own wine.  On information and belief, sometime after June

17  1997, without Garcia's knowledge or consent, Defendants produced, manufactured, distributed,

18  and sold wines labeled with Garcia's 20,500 "SONOMA RIDGE" master wine labels.

19  Defendants intentionally failed to disclose to Garcia that Defendants were using Garcia's 20,500

20  "SONOMA RIDGE" master wine labels for these purposes.

21      27.    On information and belief, from time to time after June 1997, without Garcia's

22  knowledge or consent, Defendants ordered additional wine labels featuring Garcia's proprietary

23  "SONOMA RIDGE" brand name and wine label design featuring Garcia's Westside Road

24  photograph from one or more label printing companies.  On information and belief, from time to

1   time after June 1997, without Garcia's knowledge or consent, Defendants produced,

2   manufactured, distributed, and sold wines labeled with such labels. Defendants intentionally

3   failed to disclose to Garcia that Defendants were using Garcia's proprietary "SONOMA RIDGE"

4   brand name and wine label design for these purposes.

5          28.    On information and belief, on or around March 1998, without Garcia's knowledge

6   or consent, Defendants filed an application to register "SONOMA RIDGE" as a trademark in the

7   state of California, identifying the applicant and owner of the trademark as "David F. Coleman,

8   (A Partnership) in Adler Fels." Defendants intentionally failed to disclose to Garcia that

9   Defendants had filed a trademark application in the state of California for Garcia's proprietary

10  "SONOMA RIDGE" brand name.

11         29.    On information and belief, on or before November 1997, without Garcia's

12  knowledge or consent, Defendants sold or otherwise transferred Garcia's "SONOMA RIDGE"

13  brand name to Allied Management Inc., a New Jersey corporation ("Allicd"), with whom

14  Defendants had an on-going business relationship relating to the sale of wine. Allied filed an

15  application to register "SONOMA RIDGE" as a trademark with the U.S. Patent and Trademark

16  Office in April 1998, claiming a first use date of November 1, 1997. Defendants intentionally

17  failed to disclose to Garcia that Defendants had given permission for Allied to file a trademark

18  application with the U.S. Patent and Trademark Office for Garcia's proprietary "SONOMA

19  RIDGE" brand name.

20         30.    On information and belief, from 1998 through 2003, without Garcia's knowledge

21  or consent, Defendants received at least nine separate Certificates of Label Approval ("COLA")

22  from the BATF for wine labels featuring Garcia's proprietary "SONOMA RIDGE" brand name

23  and wine label design. True and correct copies of these COLA applications are attached hereto

24  as Exhibit E. The COLAs were applied for in the name of David Coleman and either Amerivine,

1  Inc. or Adler Fels Winery, or both.  Defendants intentionally failed to disclose to Garcia that

2  Defendants had filed for and received COLAs for wine labels featuring Garcia's proprietary

3  "SONOMA RIDGE" brand name and wine label design.

4       31.    From time to time during the period from 1995 though 2000, Defendants David

5  Coleman and Ann Coleman socialized with Garcia and his wife on a regular basis.  In particular,

6  they played golf together once or twice a month.  In late November through early December of

7  1996 and 1997, the Colemans vacationed with Garcia and his family as Garcia's guests in

8  Acapulco, Mexico, where the Colemans celebrated Thanksgiving with Garcia and his family.  In

9  October 1997, the Colemans and Garcia and his wife played golf together in the Fountaingrove

10  Golf Club Couples' Tournament, in Santa Rosa, California.  During this time period, the two

11  couples maintained what Garcia thought was an honest friendship based on mutual trust and

12  respect.

13       32.    On information and belief, beginning in 1997, Ann Coleman was aware that her

14  husband, David Coleman, and Amerivine were using Garcia's proprietary "SONOMA RIDGE"

15  brand name and wine label design without Garcia's knowledge or consent.

16       33.    On information and belief, beginning in 1997, Ann Coleman agreed with her

17  husband David Coleman, to conceal from Garcia that the Defendants were using Garcia's

18  proprietary "SONOMA RIDGE" brand name and wine label design.  Indeed, whenever Garcia

19  spoke with David and Ann Coleman, the Colemans affirmatively concealed from Garcia that

20  Defendants were using Garcia's proprietary "SONOMA RIDGE" brand name and wine label

21  design.

22       34.    On information and belief, on or around December 2004, David and Ann

23  Coleman sold substantially all of the assets of Amerivine, comprising the wine business known

24  as "Adler Fels Winery" for a purchase price of more than $10,000,000.  The purchaser was the

1   Adams Wine Group, a limited liability company organized under the laws of Minnesota. On

2   information and belief, one of the assets sold to the Adams Wine Group was the goodwill related

3   to the business of producing, manufacturing, distributing, and selling Defendants' wines bearing

4   Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label design featuring Garcia's

5   photograph. On information and belief, part of the purchase price paid by the Adams Wine

6   Group to David and Ann Coleman included consideration for the goodwill related to the business

7   of producing, manufacturing, distributing, and selling Defendants' wines bearing Plaintiff's

8   proprietary "SONOMA RIDGE" brand name and wine label design featuring Garcia's

9   photograph. On information and belief, Adams Wine Group continues to manufacture, distribute

10   and sell wines under the "SONOMA RIDGE" brand name to this day.

11        35.     On or around January 2006, Garcia decided to begin using his "SONOMA

12   RIDGE" brand name and wine label for wine that Garcia would sell in the United States,

13   including but not limited to, California. On December 20, 2006, Garcia applied for a Federal

14   Copyright for the wine label entitled "SONOMA RIDGE." The application was received along

15   with the required deposit of fees by the Register of Copyrights of the United States Copyright

16   Office on January 3, 2007. While pending, the Federal Copyright application was amended on

17   June 25, 2007, describing the work as a photograph, the same photograph referenced

18   hereinabove. Plaintiff's application was approved and Plaintiff owns the copyright as described

19   in Plaintiff's Federal Copyright Registration effective January 3, 2007. A true and correct copy

20   of the Certificate of Registration is attached to hereto as Exhibit F.

21        36.     On or around February 2006, Garcia learned that Defendants had stolen extra

22   labels belonging to Garcia and had copied Garcia's proprietary "SONOMA RIDGE" brand name

23   and wine label design and had been using such brand name and wine label design, including the

24   photograph belonging to Garcia, for their own wines from 1997 to 2004.

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. § 106**
**(David Coleman and Amerivine)**

37.    Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 36, inclusive.

38.    Through their conduct averred herein, Defendants David Coleman and Amerivine have infringed Plaintiff's copyrights in the "SONOMA RIDGE" wine label design by copying, reproducing, adapting, and distributing works embodying Plaintiff's proprietary "SONOMA RIDGE" wine label design featuring Garcia's photograph without authorization in violation of Section 106 of the Copyright Act.  17 U.S.C. § 106.

39.    Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

40.    As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to damages and Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

**SECOND CAUSE OF ACTION**
**Common Law Misappropriation**
**(David Coleman and Amerivine)**

41.    Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 40, inclusive.

42.    Plaintiff invested substantial time, money, and skill in developing the "SONOMA RIDGE" brand name, and hired AC Label to create the master printing plates for Plaintiff's proprietary "SONOMA RIDGE" wine label design.

43.    Defendants misappropriated and used Plaintiff's "SONOMA RIDGE" brand name and the master printing plates, all at little or no cost to the Defendants.

11                                    First Amended Complaint

44.     Defendants' misappropriation and use of Plaintiff's "SONOMA RIDGE" brand name and master printing plates was without the authorization or consent of the Plaintiff.

45.     On information and belief, on or before November 1997, without Plaintiff's knowledge or consent, Defendants sold or otherwise transferred Plaintiff's "SONOMA RIDGE" brand name to Allied.  Allied has filed an application for a federal trademark of Plaintiff's "SONOMA RIDGE" brand name and received a federal registration for such trademark on August 24, 2004.  Plaintiff now has no recourse to recover his original rights to Plaintiff's "SONOMA RIDGE" brand name.

46.     Defendants' acts were willful, in disregard of and with indifference to the rights of Plaintiff.

47.     As a direct and proximate result of Defendants' conduct, Plaintiff is now precluded from using the "SONOMA RIDGE" brand name in connection with the production and sale of wine in the United States, including California.

48.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to damages and Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

49.     Defendants committed the acts alleged herein with the wrongful and deliberate intention of injuring Plaintiff's business and benefiting their common enterprise.  In so doing, Defendants acted with oppression, fraud, or malice.  Accordingly, pursuant to California Civil Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from Defendants.

/ / /

/ / /

CARLE, MACKIE,
POWER & ROSS LLP

12

First Amended Complaint

**THIRD CAUSE OF ACTION**
**Unfair Competition Cal. Bus. & Prof. Code § 17200, et seq.**
**(David Coleman and Amerivine)**

50.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 49, inclusive.

51.     By appropriating Plaintiff's "SONOMA RIDGE" brand name for their own proprietary wines, Defendants David Coleman and Amerivine have engaged in unlawful, unfair or fraudulent business acts or practices in violation of California Business and Professions Code, § 17200, et seq.

52.     Defendants concealed their wrongful conduct from Plaintiff, such that Plaintiff, acting as a reasonable person, did not know of their actions.

53.     Defendants' unlawful, unfair or fraudulent business acts or practices were willful, in disregard of and with indifference to the rights of Plaintiff.

54.     As a direct and proximate result of Defendants' unlawful, unfair or fraudulent business acts or practices, Plaintiff is now precluded from using the "SONOMA RIDGE" brand name in connection with the production and sale of wine in the United States, including California.

55.     As a direct and proximate result of Defendants' unlawful, unfair or fraudulent business acts or practices, Plaintiff is entitled to damages and Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

56.     Defendants committed the acts alleged herein with the wrongful and deliberate intention of injuring Plaintiff's business and benefiting their common enterprise.  In so doing, Defendants acted with oppression, fraud, or malice.  Accordingly, pursuant to California Civil

CARLE, MACKIE,
POWER & ROSS LLP

First Amended Complaint

1    Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from

2    Defendants.

### FOURTH CAUSE OF ACTION
**Common Law Unfair Competition**
**(David Coleman and Amerivine)**

5    57.    Plaintiff incorporates herein by this reference each and every averment contained

6    in paragraphs 1 through 56, inclusive.

7    58.    By appropriating Plaintiff's "SONOMA RIDGE" brand name for their own

8    proprietary wines, Defendants David Coleman and Amerivine have engaged in unlawful, unfair

9    and/or fraudulent business acts or practices.

10   59.    Defendants concealed their wrongful conduct from Plaintiff, such that Plaintiff,

11   acting as a reasonable person, did not know of their actions.

12   60.    Defendants' unlawful, unfair or fraudulent business acts or practices were willful,

13   in disregard of and with indifference to the rights of Plaintiff.

14   61.    As a direct and proximate result of Defendants' unlawful, unfair or fraudulent

15   business acts or practices, Plaintiff is now precluded from using the "SONOMA RIDGE" brand

16   name in connection with the production and sale of wine in the United States, including

17   California.

18   62.    As a direct and proximate result of Defendants' unlawful, unfair or fraudulent

19   business acts or practices, Plaintiff is entitled to damages and Defendants' profits in an amount to

20   be proven at trial, and which are not currently ascertainable.  If necessary, Plaintiff will seek

21   leave to amend this complaint to state the full amount of such damages and profits when such

22   amounts have been ascertained.

23   63.    Defendants committed the acts alleged herein with the wrongful and deliberate

24   intention of injuring Plaintiff's business and benefiting their common enterprise.  In so doing,

1  Defendants acted with oppression, fraud, or malice. Accordingly, pursuant to California Civil

2  Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from

3  Defendants.

4  <center>**FIFTH CAUSE OF ACTION**
**Fraud and Deceit**</center>

5  <center>**(David Coleman, Ann Coleman, and Amerivine)**</center>

6        64.    Plaintiff incorporates herein by this reference each and every averment contained

7  in paragraphs 1 through 63, inclusive.

8        65.    Defendants made material misrepresentations of fact and omitted to state

9  materials facts with the knowledge that such statements, and/or omissions, were false and/or

10  misleading. In particular, Defendants actively concealed that Defendants had stolen and

11  converted Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label design to

12  produce, manufacture, distribute, and sell wines for their own account in the United States.

13        66.    Defendants had knowledge that their material misrepresentations and

14  concealments were false and/or misleading. In particular, Defendants knew that Plaintiff's

15  proprietary "SONOMA RIDGE" brand name and wine label design were the property of

16  Plaintiff.

17        67.    Defendants intended to defraud Plaintiff, and induce Plaintiff to rely upon their

18  material misrepresentations and concealments. In particular, Defendants intended that Plaintiff

19  take no action to protect his proprietary "SONOMA RIDGE" brand name and wine label design

20  by concealing Defendants' use of such brand name and wine label design to produce,

21  manufacture, distribute, and sell wines for their own account in the United States.

22        68.    Plaintiff justifiably relied upon Defendants' material misrepresentations and

23  concealments. In particular, Defendants' hospitality and friendship to Plaintiff induced Plaintiff

24  to consider them friends who would not have attempted to defraud him or to use, without his

1  knowledge or consent, Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label

2  design to produce, manufacture, distribute, and sell wines for their own account in the United

3  States.

4    69.    As a consequence of Defendants' fraud, Plaintiff did not become aware that

5  Defendants had stolen and converted Plaintiff's proprietary "SONOMA RIDGE" brand name

6  and wine label design until February 2006. Had Plaintiff been aware of the theft and copying of

7  his proprietary "SONOMA RIDGE" brand name and wine label design by Defendants, Plaintiff

8  would not have permitted Defendants to continue producing, manufacturing, distributing, and

9  selling wines bearing Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label

10  design for their own account.

11    70.    As a direct and proximate result of Defendants' fraud, Plaintiff is now precluded

12  from using the "SONOMA RIDGE" brand name in connection with the production and sale of

13  wine in the United States, including California.

14    71.    As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to

15  damages and Defendants' profits in an amount to be proven at trial, and which are not currently

16  ascertainable. If necessary, Plaintiff will seek leave to amend this complaint to state the full

17  amount of such damages and profits when such amounts have been ascertained.

18    72.    Defendants committed the acts alleged herein with the wrongful and deliberate

19  intention of injuring Plaintiff's business and benefiting their common enterprise. In so doing,

20  Defendants acted with oppression, fraud, or malice. Accordingly, pursuant to California Civil

21  Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from

22  Defendants.

23  / / /

24  / / /

CARLE, MACKIE,
POWER & ROSS LLP

16                          First Amended Complaint

## SIXTH CAUSE OF ACTION
### Conversion
**(David Coleman and Amerivine)**

73.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 72, inclusive.

74.     Beginning sometime after June 1997, Defendants David Coleman and Amerivine stole and converted Plaintiff's proprietary "SONOMA RIDGE" wine labels, bought and paid for from AC Label Company by Plaintiff, to produce, manufacture, distribute, and sell wines for their own account in the United States.

75.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to damages and Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.  If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

76.     Defendants committed the acts alleged herein with the wrongful and deliberate intention of injuring Plaintiff's business and benefiting their common enterprise.  In so doing, Defendants acted with oppression, fraud, or malice.  Accordingly, pursuant to California Civil Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from Defendants.

## SEVENTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing
**(David Coleman and Amerivine)**

77.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 76, inclusive.

78.     On or around November 15, 1996, Plaintiff, doing business as Garcia International Trading, and Amerivine entered into an agreement whereby Plaintiff would

1   purchase bottled wine from Amerivine labeled with Plaintiff's proprietary "SONOMA RIDGE"

2   brand name and wine label design.

3       79.     As recognized by California Commercial Code § 1203, as well as under the

4   common law of the State of California, there is an implied covenant of good faith and fair

5   dealing in every contract involving the sale of goods or services.

6       80.     Defendants David Coleman and Amerivine, by stealing and converting Plaintiff's

7   proprietary "SONOMA RIDGE" brand name and wine label design, breached the covenant of

8   good faith and fair dealing implied as a matter of law in their agreement with Plaintiff.

9       81.     Plaintiff, for his part, fulfilled all of his obligations under the agreement with

10  David Coleman and Amerivine in good faith.

11      82.     As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to

12  damages and Defendants' profits in an amount to be proven at trial, and which are not currently

13  ascertainable. If necessary, Plaintiff will seek leave to amend this complaint to state the full

14  amount of such damages and profits when such amounts have been ascertained.

15                          **EIGHTH CAUSE OF ACTION**
                                      Conspiracy
16                              (Against All Defendants)

17      83.     Plaintiff incorporates herein by this reference each and every averment contained

18  in paragraphs 1 through 82, inclusive.

19      84.     On information and belief, Defendants conspired with one another, as well as with

20  certain DOE defendants, to damage Plaintiff by infringing Plaintiff's copyrights and using and

21  appropriating Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label design to

22  produce, manufacture, distribute, and sell wines for their own account in the United States.

23      85.     Defendants agreed and understood that the purpose of their association was as

24  described in the preceding paragraph; understood that their purpose and their methods of

CARLE, MACKIE,                              18                        First Amended Complaint
POWER & ROSS LLP

1  achieving this purpose were unlawful and would result in injury to Plaintiff and others; and

2  agreed and understood that each would act in concert with the others to achieve this purpose.

3      86.  Defendants undertook each and every overt and covert act as described in this

4  Complaint in furtherance of this conspiracy.  By accepting the ill-gotten gains of any Defendant,

5  each and every Defendant ratified their co-conspirators' conduct.

6      87.  As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to

7  damages and Defendants' profits in an amount to be proven at trial, and which are not currently

8  ascertainable.  If necessary, Plaintiff will seek leave to amend this complaint to state the full

9  amount of such damages and profits when such amounts have been ascertained.

10      88.  Defendants committed the acts alleged herein with the wrongful and deliberate

11  intention of injuring Plaintiff's business and benefiting their common enterprise.  In so doing,

12  Defendants acted with oppression, fraud, or malice.  Accordingly, pursuant to California Civil

13  Code § 3294(a), Plaintiff is entitled to recover punitive and exemplary damages from

14  Defendants.

15      WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

16      1.  For damages, in an amount to be proven at trial, including, but not limited to,

17  damages for the willful infringement of Plaintiff's copyrights, the value of the lost business

18  opportunity to sell and market wines bearing Plaintiff's proprietary "SONOMA RIDGE" brand

19  name and wine label design in the United States, and the value of the labels paid for by Plaintiffs

20  converted by Defendants for their own use.

21      2.  For disgorgement of profits earned by Defendants from the sale of wines from

22  1997 to 2004 bearing Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label

23  design.

24

3.      For disgorgement of profits earned by Defendants from the sale or other transfer in 1997 of Plaintiff's proprietary "SONOMA RIDGE" wine brand name to Allied Management, Inc.

4.      For disgorgement of that portion of the profits earned by Defendants in the sale of the assets of the wine business known as "Adler Fels Winery" to the Adams Wine Group in 2004, the selling price of which included consideration for the goodwill related to the business of producing, manufacturing, distributing, and selling Defendants' wines bearing Plaintiff's proprietary "SONOMA RIDGE" brand name and wine label design.

5.      For punitive and exemplary damages;

6.      For the value of property converted by Defendants plus interest from that time, pursuant to Civil Code Section 3336;

7.      For fair compensation for the time and money expended by Plaintiff in an attempt to recover the property converted by Defendants pursuant to Civil Code Section 3336;.

8.      For prejudgment interest on all amounts claimed;

9.      For costs of suit incurred herein; and

10.     For such other and further relief as the Court deems just and proper.

Dated: October 26, 2007                CARLE, MACKIE, POWER & ROSS LLP

By:_____
       Philip J. Terry
       Attorneys for Plaintiff
       Roland E. Garcia doing business as
       "Garcia International Trading"

CARLE, MACKIE,
POWER & ROSS LLP

20              First Amended Complaint

# EXHIBIT - A -



# SONOMA RIDGE

*1994 North Coast*
## SAUVIGNON BLANC



# EXHIBIT  - B -

Invoice 97–621
June 16, 1997

Garcia International
PO Box 5693
Santa Rosa, CA  95402

# ADLER FELS

5325 Corrick Lane
Santa Rosa, CA 95409
Telephone (707) 539-3123
Fax (707) 539-3128

| 56 cs | Sauvignon Blanc @ $30.00 | $1680.00 |
|-------|--------------------------|----------|
| 42 cs | Chardonnay @ $40.00 | $1680.00 |
|       |                          | $3360.00 |

Per instruction of Roland Garcia, wines labeled and awaiting shipment.
(SONOMA RIDGE)



*MADE IN ADVANCE FOR PREPAYMENT*

INVOICE #96-1115, 11/15/96



**ꓱDLER FEIS**

GIT
PO Box 5693
Santa Rosa, CA 95402

5325 Corrick Lane
Santa Rosa, CA 95409
Telephone (707) 539-3123
Fax (707) 539-3128

| | | | | |
|---|---|---|---|---|
| 56 cs | Sonoma Ridge Napa Valley Chardonnay | @$40.00 – | $ 2,240.00 |
| 56 cs | Sonoma Ridge North Coast Sauvignon Blanc | @$30.00 – | 1,680.00 |
| 112 cs | | | $ 3,920.00 |

Payment due December 15-20, 1996.

Thank you

**EXHIBIT - C -**

01/14/2007 23:58    0017506311372    REGARCIA    PAGE    02



AC LABEL COMPANY
47080 Warehouse Drive
Fremont, CA 94539
TEL (510) 490-1800
FAX (510) 490-3700

SOLD TO:
GARCIA INTERNATIONAL
PO BOX 5693
SANTA ROSA    CA 95402

SHIP TO:
ADLER FELS
5325 CORRICK LANE
SANTA ROSA,    CA 95409

69835    5/30/97

2) TERMS: NET 30 DAYS UNLESS OTHERWISE STATED. ALL PAST DUE
BALANCES WILL BE SUBJECT TO A 1½% SERVICE CHARGE PER
MONTH (18% PER ANNUM)

| | | | | | | |
|---|---|---|---|---|---|---|
| 1- 4170000 | UPS | | C062096 | 65 | ROLAND | NET 30 DAYS |

SR SHELLS    OAR.3.25X6.5,SONOMA RIDGE SHEL   EA   25,000   97.740   2,443.5
SR94CHAR     (PRICE PER 1000)
             OAR.3.25X6.5,SONOMA RIDGE ROSE  EA   3,000    66.670   200.0
SR945B       (PRICE PER 1000)
             OAR.3.25X6.5,SONOMA RIDGE       EA   1,500    66.670   100.0
ART          (PRICE PER 1000)
PLATE        PLATE USE                       EA      4     50.000   200.0
OTHER CHARGES OTHER CH                        EA      5     50.000   250.0
TOOLING      TOOLING                         EA      3     75.000   225.0
             HOT                             EA      1     480.000  480.0
             SH PLATES AT                                           480.000

FOR: SEE COMMENT

CUSTOMER COPY

3,898.52          9.56    3    198.91    4,202.2
                          95.29    9.5
                                   2707.06

# EXHIBIT - D -

DEPARTMENT OF THE TREASURY · BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
APPLICATION FOR AND CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL

**PART I - APPLICATION**

1. NAME AND ADDRESS AND PLANT REGISTRY NO. OR BASIC PERMIT NO. OF APPLICANT

Adler Fels Winery
5325 Corrick Lane
Santa Rosa, CA 95409

BW CA 5024

for account of: Garcis International
Trading, Inc.

2. SERIAL NO. (Required)
97-2

Sonoma Ridge

Sauvignon Blanc

North Coast

1994

4. TYPE OF APPLICATION (Check Applicable Box)

a. ☒ CERTIFICATE OF LABEL APPROVAL

b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "FOR SALE IN _____"

c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____

net contents - 750 ml - branded into bottle

**PART II – APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare that to the best of his/her knowledge and belief all statements appearing in this application and the representations of the labels and in the supplemental documents truly and correctly represent the content of the labels and the contents as shown in item 4b, and that each container will bear the legend "For Sale in [State shown in item 4b] only".

David F. Coleman                    [signature] David Coleman

**PART III – BTF CERTIFICATE**

SIGNATURE OF DIRECTOR, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

FOR ATF USE ONLY

For Export Only

S O N O M A   R I D G E
1 9 9 4   N o r t h   C o a s t
SAUVIGNON BLANC
VINTED & BOTTLED BY SONOMA RIDGE    SANTA ROSA, CA – ALC. 12.5% BY VOL

Front

This Sauvignon Blanc comes from the North Coast Region of California and exhibits bright, fruit flavors typical of grapes grown in this cool coastal region. A touch of sweet oak and slightly herbaceous, the appealing melon and citrus flavors are balanced with firm, crisp acidity. A perfect match with seafood, veal and poultry.

Imported By
GISCO INC.
Berlin, Deutschland
weitere Informationen unter
Tel: 0049-30-84753466
Fax: 0049-30-84753461

Back

BEST COPY AVAILABLE

# EXHIBIT E

DEPARTMENT OF THE TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
APPLICATION FOR AND CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL

River Rock Winery
5555 Conduct Lane
Santa Rosa, CA  95469

BW  5024

DBA:  Sonoma Ridge

4. TYPE OF APPLICATION (Check Applicable Box)

a. CERTIFICATE OF LABEL APPROVAL

b. CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "FOR SALE IN _____ ONLY"

c. DISTINCTIVE LIQUOR BOTTLE APPROVAL
   TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____

Net contents 750ml, branded into bottle

PART II — APPLICANT'S CERTIFICATION

David Coleman

PART III — ATF CERTIFICATE

FOR ATF USE ONLY



BEST COPY AVAILABLE

SONOMA RIDGE
North California
CHARDONNAY

DEPARTMENT OF THE TREASURY

**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL**

**PART I - APPLICATION**

7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE *(Required)*

David Coleman and Amerivine, Inc., dba
Adler Fels Winery
5325 Corrick Lane
Santa Rosa (Sonoma County), CA 95409 BN 5024
dba   Sonoma Ridge Winery

7a. MAILING ADDRESS, IF DIFFERENT

PLANT REGISTRY/BASIC PERMIT NO./BREWER'S NO.
BW 5024

10. NET CONTENTS
750 mL

**PART II - APPLICANT'S CERTIFICATION**

20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT
David F. Coleman

**PART III - ATF CERTIFICATE**

FOR ATF USE ONLY

EXPIRATION DATE

A COMPLETE SET OF LABELS BELOW



S O N O M A   R I D G E
1997 California
ZINFANDEL

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
APPLICATION FOR AND CERTIFICATION/EXEMPTION OF
LABEL/BOTTLE APPROVAL
(See Instructions and Paperwork Reduction Act Notice on Back)

7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE (Required)

David Coleman and Ameravine, Inc., dba
Adler Fels Winery
5325 Corrick Lane
Santa Rosa (Sonoma County), CA 95409 BW   5024
dba   Sonoma Ridge Winery

7a. MAILING ADDRESS, IF DIFFERENT

BW 5024

| 2. LAB. NO./DATE | 3.0. NET CONTENTS | 3.1. PHONE NUMBER | TYPE OF APPLICATION |
| --- | --- | --- | --- |
| | 750 ml | (707 )539-3123 | |
| 1.2. ALCOHOL CONTENT | | 3.5. FAX NUMBER | |
| 14% | | (707 )539-3128 | |

Net contents 750 ml blended into bottle

PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare that all statements appearing on this application are true and correct to the best of my knowledge and belief.

| | 20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT |
| --- | --- |
| David F. Coleman | David F. Coleman |

PART III - ATF CERTIFICATE

SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

FOR ATF USE ONLY

EXPIRATION DATE (If any)

COMPLETE SET OF LABELS BELOW

SONOMA RIDGE
1996 California
CABERNET SAUVIGNON

*Front*

*Back*

ID
CT    99063    003    000049
      810 OR 01    AP

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
(See Instructions and Paperwork Reduction Act Notice on Back)

**PART I - APPLICATION**

| 1. VENDOR CODE (Required) | 2. SERIAL NUMBER (Required) |
|---|---|
| 0 0 6 | YEAR 9 9 - 8 |

7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWERS NOTICE (Required)

David Coleman and Amerivine, Inc., dba
Adler Fels Winery            BW 5024
5325 Corrick Lane
Santa Rosa, Ca 95409 (Sonoma County)
dba: Sonoma Ridge Winery

3. BRAND NAME (Required)
SONOMA RIDGE

4. CLASS AND TYPE (Required) (Includes wine varietal designation, if applicable)
SAUVIGNON BLANC

7a. MAILING ADDRESS, IF DIFFERENT

5. FANCIFUL NAME (If any)
SONOMA COUNTY

6. PLANT REGISTRY/BASIC PERMIT NO./BREWER'S NO. (Required)
BW 5024

| 8. FORMULA NO. (If any) | 9. LAB. NO./DATE | 10. NET CONTENTS 750 ml | 11. PHONE NUMBER (707) 539-3123 | 16. TYPE OF APPLICATION (Check applicable box) a. [X] CERTIFICATE OF LABEL APPROVAL |
|---|---|---|---|---|

| 12. AGE (Distilled Spirits) | 13. ALCOHOL CONTENT 12.5% | 14. VINTAGE (Wine products only, if stated on label) 1998 | 15. FAX NUMBER (707) 539-3128 |

b. [ ] CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in ____ only" (Fill in State abbreviation)

c. [ ] DISTINCTIVE LIQUOR BOTTLE APPROVAL TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____ (Fill in amount)

17. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g., caps, celoseals, corks, etc.) OTHER THAN THE LABELS AFFIXED BELOW, OR (b) EMBOSSED ON THE CONTAINER. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

net contents 750 ml branded into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which appear on the reverse of an original ATF F 5100.31, Certificate/Exemption of Label/Bottle Approval.

| 18. DATE OF APPLICATION 2/19/99 | 19. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT David F. Coleman | 20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT David F. Coleman |

**PART III - ATF CERTIFICATE**
This certificate is issued subject to applicable laws, regulations and conditions as set forth on the back of this form

| 21. DATE ISSUED MAR 1 0 1999 | 22. AUTHORIZED SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS |

QUALIFICATIONS

**FOR ATF USE ONLY**

WHEN NEW LABELS ARE PRINTED THE NAME OF THE BOTTLER IMPORTER PACKER MUST BE MADE EXACTLY THE SAME AS SHOWN ON THE BASIC PERMIT

EXPIRATION DATE (If any)

AFFIX COMPLETE SET OF LABELS BELOW



# SONOMA RIDGE
1998 Sonoma County
SAUVIGNON BLANC

VINTED & BOTTLED BY SONOMA RIDGE ◆ SANTA ROSA, CA · ALC. 12.5% BY VOL.

6

ATF F 5100.31 (4-98) PREVIOUS EDITIONS ARE OBSOLETE

**DEPARTMENT OF THE TREASURY**
**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
*(See Instructions and Paperwork Reduction Act Notice on Back)*

ID

99223   003   000021

**PART I - APPLICATION**

| 1. VENDOR CODE *(Required)* | 2. SERIAL NUMBER *(Required)* |
|---|---|
| 0 0 6 6 | YEAR 9 9 - 5 2 |

**3. BRAND NAME** *(Required)*
SONOMA RIDGE

**4. CLASS AND TYPE** *(Required) (Includes wine varietal designation, if applicable)*
CABERNET SAUVIGNON

**5. FANCIFUL NAME** *(If any)*
NAPA VALLEY

**6. PLANT REGISTRY/BASIC PERMIT NO./BREWER'S NO.** *(Required)*
BW   5024

| 8. FORMULA NO. *(If any)* | 9. LAB. NO./DATE | 10. NET CONTENTS 750 ml |
|---|---|---|

| 12. AGE *(Distilled Spirits)* | 13. ALCOHOL CONTENT 12.5% | 14. VINTAGE *(Wine products only, if stated on label)* 1997 |
|---|---|---|

**7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE** *(Required)*
David Coleman and Amerivine, Inc., dba
Adler Fels Winery
5325 Corrick Lane          BW   5024
Santa Rosa, Ca  95409 (Sonoma County)
dba:   Sonoma Ridge Winery

**7a. MAILING ADDRESS, IF DIFFERENT**

**11. PHONE NUMBER**
(707) 539-3123

**15. FAX NUMBER**
(707) 539-3128

**16. TYPE OF APPLICATION** *(Check applicable box)*
- a. [X] CERTIFICATE OF LABEL APPROVAL
- b. [ ] CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL *"For sale in _____ only" (Fill in State abbreviation)*
- c. [ ] DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE _____ *(Fill in amount)*

**17. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER** *(e.g., caps, celoseals, corks, etc.)* OTHER THAN THE LABELS AFFIXED BELOW, OR (b) EMBOSSED ON THE CONTAINER. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

Net contents 750 ml branded into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which appear on the reverse of an original ATF 5100.31, Certificate/Exemption of Label/Bottle Approval.

| 18. DATE OF APPLICATION 8/2/99 | 19. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT David Coleman | 20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT David F. Coleman |
|---|---|---|

**PART III - ATF CERTIFICATE**
This certificate is issued subject to applicable laws, regulations and conditions as set forth on the back of this form.

| 21. DATE ISSUED AUG 19 1999 | 22. AUTHORIZED SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS |
|---|---|

QUALIFICATIONS                                    FOR ATF USE ONLY

AFFIX COMPLETE SET OF LABELS BELOW                         EXPIRATION DATE *(If any)*



SONOMA RIDGE
1997 Napa Valley
CABERNET SAUVIGNON

ATF F 5100.31 (4-98) PREVIOUS EDITIONS ARE OBSOLETE

ID  99236  003  000069

CT  8001  OR  AP

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
*(See Instructions and Paperwork Reduction Act Notice on Back)*

**PART I - APPLICATION**

| 1. VENDOR CODE (Required) | 2. SERIAL NUMBER (Required) | 7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE (Required) |
|---|---|---|
| 006 | YEAR 99 - 63 | David Coleman and Amerivine, Inc., dba |

3. BRAND NAME (Required)
SONOMA RIDGE

4. CLASS AND TYPE (Required) (includes wine varietal designation, if applicable)
Merlot

5. FANCIFUL NAME (If any)

6. PLANT REGISTRY/BASIC PERMIT NO/BREWER'S NO. (Required)
BW 5024

Adler Fels Winery
5325 Corrick Lane    BW 5024
Santa Rosa, Ca 95409
dba: Sonoma Ridge (Sonoma County)

7a. MAILING ADDRESS, IF DIFFERENT

| 8. FORMULA NO. (If any) | 9. LAB. NO./DATE | 10. NET CONTENTS 750 ml | 11. PHONE NUMBER (707) 539-3123 |
|---|---|---|---|
| 12. AGE (Distilled Spirits) | 13. ALCOHOL CONTENT 12.5% (vol) | 14. VINTAGE (Wine products only if stated on label) | 15. FAX NUMBER (707) 539-3128 |

16. TYPE OF APPLICATION (Check applicable box)
a. ☑ CERTIFICATE OF LABEL APPROVAL.
b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL. "For sale in ____ only" (Fill in State abbreviation)
c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ (Fill in amount)

17. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g., caps, celoseals, corks, etc) OTHER THAN THE LABELS AFFIXED BELOW, OR (b) EMBOSSED ON THE CONTAINER. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

Net contents 750 ml branded into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which appear on the reverse of an original ATF F 5100.31, Certificate/Exemption of Label/Bottle Approval.

| 18. DATE OF APPLICATION | 19. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT | 20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT |
|---|---|---|
| 8/16/99 | David Coleman | David F. Coleman |

**PART III - ATF CERTIFICATE**

This certificate is issued subject to applicable laws, regulations and conditions as set forth on the back of this form.

| 21. DATE ISSUED | 22. AUTHORIZED SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS |
|---|---|
| SEP 03 1999 | John W. Magaw |

QUALIFICATIONS                          FOR ATF USE ONLY

AFFIX COMPLETE SET OF LABELS BELOW          EXPIRATION DATE (If any)



SONOMA RIDGE
1997 Sonoma County
MERLOT

VINTED & BOTTLED BY SONOMA RIDGE  SANTA ROSA, CA  ALC. 12.5% BY VOL.

ATF F 5100.31 (4-98) PREVIOUS EDITIONS ARE OBSOLETE

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
# APPLICATION FOR AND CERTIFICATION/EXEMPTION OF
## LABEL/BOTTLE APPROVAL
(See Instructions and Paperwork Reduction Act Notice on Back)

**PART I - APPLICATION**

ID   00158-002-0000048

CT   SED 1   OR   01   AP

**1. VENDOR CODE** (Required)   0 0 6 6 0

**2. SERIAL NUMBER** (Required)   YEAR   0 9 - 2 7

**3. BRAND NAME** (Required)   Sonoma Ridge

**4. CLASS AND TYPE** (Required) (Includes wine varietal designation, if applicable)   Merlot

**5. FANCIFUL NAME** (If any)

**6. PLANT REGISTRY/BASIC PERMIT NO./BREWER'S NO.** (Required)   CA W 2404

**7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE** (Required)
David Coleman and Amerivine, Inc., dba
Adler Fels Winery
5325 Corrick Lane
Santa Rosa, Sonoma County, CA  95409
dba:   Sonoma Ridge

**7a. MAILING ADDRESS, IF DIFFERENT**   BW 5024

**8. FORMULA NO.** (If any)

**9. LAB. NO./DATE**

**10. NET CONTENTS**   750 ml

**11. PHONE NUMBER**   (707 ) 539-3123

**12. AGE** (Distilled Spirits)

**13. ALCOHOL CONTENT**   13.5%

**14. VINTAGE** (Wine products only, if styled on label)   1998

**15. FAX NUMBER**   (707) 539-3128

**16. TYPE OF APPLICATION** (Check applicable box)
a. [X] CERTIFICATE OF LABEL APPROVAL
b. [ ] CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in ____ only" (Fill in State abbreviation)
c. [ ] DISTINCTIVE LIQUOR BOTTLE APPROVAL   TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ (Fill in amount)

**17. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER** (e.g., caps, celoseals, corks, etc.) **OTHER THAN THE LABELS AFFIXED BELOW, OR (b) EMBOSSED ON THE CONTAINER. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.**

Net contents 750 ml branded into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which appear on the reverse of an original ATF F 5100.31, Certificate/Exemption of Label/Bottle Approval.

**18. DATE OF APPLICATION**   5/28/00

**19. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT**   David Coleman

**20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT**   David F. Coleman

**PART III - ATF CERTIFICATE**
This certificate is issued subject to applicable laws, regulations and conditions as set forth on the back of this form.

**21. DATE ISSUED**   JUN 0 9 2000

**22. AUTHORIZED SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**

**QUALIFICATIONS**                    FOR ATF USE ONLY

EXPIRATION DATE (If any)

**AFFIX COMPLETE SET OF LABELS BELOW**



SONOMA RIDGE
1 9 9 8   N a p a   V a l l e y
MERLOT
VINTED & BOTTLED BY SONOMA RIDGE • SANTA ROSA, CA • ALC 12.5% BY VOL

Merlot
This Merlot from California's finest region was harvested at optimum sugar level and barrel aged in the finest French and American oak to yield a wine that has abundant ripe fruit aromas and flavors with a hint of oak.

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS. CONTAINS SULFITES

ATF F 5100.31 (4-98) PREVIOUS EDITIONS ARE OBSOLETE

OMB No. 1513-0020 (11/30/2005)

**DEPARTMENT OF THE TREASURY**
**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
# APPLICATION FOR AND CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL
*(See Instructions and Paperwork Reduction Act Notice on Back)*

03297-003-000023

**PART I - APPLICATION**

**1. REP. ID. NO.** *(If any)*

**2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO.** (Required)
BW5024
CA W2404    BW CA 5024    5624

**3. SERIAL NUMBER** *(Required)*    **4. TYPE OF PRODUCT** *(Required)*
03-1103
☒ WINE
☐ DISTILLED SPIRITS
☐ MALT BEVERAGE

**5. BRAND NAME** *(Required)*
Sonoma Ridge

**6. FANCIFUL NAME** *(If any)*

**7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON THE LABEL** *(Required)*
David Coleman and Amerivine, Inc. dba Adler Fels
5325 Corrick Lane
Santa Rosa, CA 95409
dba:    Sonoma Ridge

**7a. MAILING ADDRESS, IF DIFFERENT**

**8. EMAIL ADDRESS**

**9. FORMULA/SOP NO.** *(If any)*

**10. LAB. NO. & DATE/PRE-IMPORT NO. & DATE** *(If any)*

**11. NET CONTENTS**
750 ml

**12. ALCOHOL CONTENT**
12.5 %

**13. WINE APPELLATION** *(If on label)*
Paso Robles

**14. WINE VINTAGE DATE** *(If on label)*
2000

**15. PHONE NUMBER**
(707) 539-3123

**16. FAX NUMBER**
(707) 539-3128

**17. TYPE OF APPLICATION** *(Check applicable box(es))*
a. ☒ CERTIFICATE OF LABEL APPROVAL
b. ☐ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in _____ only" (Fill in State abbreviation)
c. ☐ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE (Fill in amount)
d. ☐ RESUBMISSION AFTER REJECTION TTB ID

**18. SHOW ANY WORDING (a)** APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER *(e.g., caps, calseals, corks, etc.)* OTHER THAN THE LABELS AFFIXED BELOW, OR (b) BLOWN, BRANDED OR EMBOSSED ON THE CONTAINER *(e.g., net contents, etc.)*. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

Net contents 750 ml branded into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

**19. DATE OF APPLICATION**
10/15/03

**20. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT**
David Coleman

**21. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT**
David Coleman

**PART III - TTB CERTIFICATE**

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

**22. DATE ISSUED**
NOV 12 2003

**23. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**

**FOR TTB USE ONLY**

QUALIFICATIONS

**EXPIRATION DATE** *(If any)*

AFFIX COMPLETE SET OF LABELS BELOW *(See General Instructions 4, 6 and 7)*



SONOMA RIDGE
2000 *Paso Robles*
SYRAH
VINTED & BOTTLED BY SONOMA RIDGE   SANTA ROSA, CA • ALC 12.5% BY VOL

This Syrah from Paso Robles' finest region was harvested at optimum sugar level and barrel aged in the finest French and American oak to yield a wine that has abundant ripe fruit aromas and flavors, with a hint of oak.

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

CONTAINS SULFITES

0 89832 27454 4

OMB No. 1512-0092 (03/31/2001)

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**APPLICATION FOR AND CERTIFICATION/EXEMPTION OF**
**LABEL/BOTTLE APPROVAL**
(See Instructions and Paperwork Reduction Act Notice on Back)

ID 00333-003-000031

CT [X] 1   OR [ ]   AP

**PART I - APPLICATION**

1. VENDOR CODE (Required): 0 0 6 6
2. SERIAL NUMBER (Required): YEAR 0 0 - 7 4

7. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE (Required)
David Coleman and AmeriVine, Inc., dba
Adler Fels Winery   BW 5024
5325 Corrick Lane
Santa Rosa, CA  95409  (Sonoma County)
dba: Sonoma Ridge

3. BRAND NAME (Required): Sonoma Ridge

7a. MAILING ADDRESS, IF DIFFERENT

4. CLASS AND TYPE (Required) (Includes wine varietal designation, if applicable): Chardonnay

5. FANCIFUL NAME (If any)

6. PLANT REGISTRY/BASIC PERMIT NO./BREWER'S NO. (Required): CA W 2404

8. FORMULA NO. (If any)
9. LAB. NO./DATE
10. NET CONTENTS: 750 ml
11. PHONE NUMBER: (707) 539-3123
15. FAX NUMBER: (707) 539-3128

16. TYPE OF APPLICATION (Check applicable box)
a. [XXX] CERTIFICATE OF LABEL APPROVAL
b. [ ] CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in ____ only" (fill in State abbreviation)
c. [ ] DISTINCTIVE LIQUOR BOTTLE APPROVAL  TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ (fill in amount)

12. AGE (Distilled Spirits)
13. ALCOHOL CONTENT: 12.5%
14. VINTAGE (Wine products only, if shown on label): 1999

17. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g., caps, celoseals, corks, etc.) OTHER THAN THE LABELS AFFIXED BELOW, OR (b) EMBOSSED ON THE CONTAINER. THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

Net contents 750 ml blown into bottle

**PART II - APPLICANT'S CERTIFICATION**

Under the penalties of perjury, I declare: that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which appear on the reverse of an original ATF F 5100.31, Certificate/Exemption of Label/Bottle Approval.

18. DATE OF APPLICATION: 11-27-00
19. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT
20. TYPE NAME OF APPLICANT OR AUTHORIZED AGENT: David F. Coleman

**PART III - ATF CERTIFICATE**

This certificate is issued subject to applicable laws, regulations and conditions as set forth on the back of this form.

21. DATE ISSUED: DEC 08 2000
22. AUTHORIZED SIGNATURE, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

**FOR ATF USE ONLY**

QUALIFICATIONS

EXPIRATION DATE (if any)

AFFIX COMPLETE SET OF LABELS BELOW



S O N O M A   R I D G E
1999 Napa Valley
CHARDONNAY

VINTED & BOTTLED BY SONOMA RIDGE · SANTA ROSA, CA · ALC. 12.5% BY VOL.

ATF F 5100.31 (4-98) PREVIOUS EDITIONS ARE OBSOLETE

Janice Garcia - Activity in Case 3:07-cv-02279-EMC Garcia v. Coleman et al "Complaint"

| From: | <ECFHELPDESK@cand.uscourts.gov> |
|---|---|
| To: | <efiling@cand.uscourts.gov> |
| Date: | 4/27/2007 9:13 AM |
| Subject: | Activity in Case 3:07-cv-02279-EMC Garcia v. Coleman et al "Complaint" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 4/27/2007 at 9:10 AM and filed on 4/26/2007
**Case Name:**          Garcia v. Coleman et al
**Case Number:**        3:07-cv-2279
**Filer:**               Roland E. Garcia
**Document Number:** 1

**Docket Text:**
COMPLAINT; summons issued against David Coleman, Ann Coleman, Amerivine, Inc. (Filing fee $ 350,receipt number 34611005698). Filed by Roland E. Garcia. (slh, COURT STAFF) (Filed on 4/26/2007)

The following document(s) are associated with this transaction:

**3:07-cv-2279 Notice will be electronically mailed to:**

John Bernard Dawson    jdawson@cmprlaw.com, jgarcia@cmprlaw.com

Dawn M. Ross     dross@cmprlaw.com, jgarcia@cmprlaw.com

**3:07-cv-2279 Notice will be delivered by other means to:**

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

ROLAND E. GARCIA, doing business as "GARCIA INTERNATIONAL TRADING"

## DEFENDANTS

DAVID COLEMAN, an individual, ANN COLEMAN, an individual, AMERIVINE, INC. and DOES 1-100.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John B. Dawson, Carle, Mackie, Power & Ross, 100 B St., #400, Santa Rosa, CA 95401, (707) 526-4200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                                   AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl.Ret.Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

California Business and Professions Code Section 17200, et seq.                               TBD

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $_____ ☐ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                                   JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE  4/25/07          SIGNATURE OF ATTORNEY OF RECORD

# EXHIBIT F

Case 3:07-cv-02279-EMC   Document 18   Filed 05/29/2007   Page

**COPY**

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts

**VA 1-413-281**

EFFECTIVE DATE OF REGISTRATION
JAN 3 2007
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**
Title of This Work ▼    NATURE OF THIS WORK ▼ See Instructions

Sonoma Ridge    wine label

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**a** NAME OF AUTHOR ▼
Roland Edward Garcia

DATES OF BIRTH AND DEATH
Year Born ▼ 1928    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  United States
Domicile in  California

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☒ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☒ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**
**a** Year in Which Creation of This Work Was Completed
1997
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month 08  Day 01  Year 1997
Germany    Nation

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Roland Edward Garcia
P.O. Box 2061
Escondido, CA 92033

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
JAN 03 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 03 2007
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

Amended By C.O. via authority of FAX rec'd from
Jay Behnke on 7/25/07 filed in UB.

| EXAMINED BY Vg | | FORM VA |
| CHECKED BY | | |
| ☑ CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions before completing this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼        Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Jay M. Behnke
100 B Street, Suite 400
Santa Rosa, CA 95401

b

Area code and daytime telephone number  ( 707 ) 526-4200        Fax number  ( 707 ) 526-4707

Email  jmbehnke@cmprlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Roland Edward Garcia
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jay M. Behnke        Date  12/20/06

Handwritten signature (X) ▼

X  Jay M. Behnke

| Certificate will be mailed in window envelope to this address: | Name ▼ Jay M. Behnke | |
| | Number/Street/Apt ▼ 100 B Street, Suite 400 | |
| | City/State/ZIP ▼ Santa Rosa, CA 95401 | |

**9**

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form VA—Full  Rev: 07/2006  Print: 07/2006—50,000  Printed on recycled paper        U.S. Government Printing Office: 2004-520-658/60,125