UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND E. GARCIA, | No. C-07-2279 EMC |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF JUNE 12, 2008** |
| DAVID COLEMAN, *et al.*, | |
| Defendants. | **(Docket No. 44)** |
| _____/ | |

The parties have submitted a joint letter to the Court regarding a discovery dispute. At issue in the discovery dispute is whether Plaintiff should be compelled to produce communications between himself (or his representatives) and the U.S. Copyright Office. Plaintiff asserts that these communications are protected by the work product privilege. It appears, from the privilege log provided by Plaintiff, that there are only five such communications. Having reviewed the contents of the joint letter as well as the documents attached thereto, the Court concludes that the documents must be produced.

Under Federal Rule of Civil Procedure 26(b)(3)(A), the work product privilege protects documents "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The privilege is "'designed to balance the needs of the adversary system to promote an attorney's preparation in representing a client against a society's general interest in revealing all true and material facts relevant to the resolution of a dispute.'" *In re McKesson HBOC, Inc. Secs. Litig.*, No. C-99-20743 RMW, 2005 U.S. Dist. LEXIS 7098, at \*30 (N.D. Cal. Mar. 31, 2005). The party asserting the privilege has the burden of proving that the

1  privilege applies and that the privilege has not been waived.  *See McMorgan & Co. v. First Cal.*
2  *Mortg.*, 931 F. Supp. 703, 707 (N.D. Cal. 1996).
3       In the instant case, Plaintiff, as the party asserting the work product privilege, has failed to
4  meet its burden.  First, Plaintiff has made no attempt to demonstrate that the communications at
5  issue were prepared in anticipation of litigation.  The Court acknowledges that all of the
6  communications at issue were made close in time to the filing of the complaint in this case or
7  thereafter, but that fact by itself is not sufficient to establish that the communications were prepared
8  in anticipation of litigation.  Moreover, it is highly questionable that the communications that were
9  authored by *representatives of the Copyright Office* were prepared in anticipation of litigation for
10 Plaintiff.
11      Second, even if Plaintiff did make an adequate showing that the privilege was applicable, he
12 has failed to establish that the privilege was not waived.  For example, if a communication authored
13 by Plaintiff's representative contained his mental impressions and those impressions were
14 communicated to the Copyright Office, that would likely constitute a waiver of the work product
15 privilege, at least in the absence of any information to the contrary (and Plaintiff has failed to offer
16 any information to the contrary).  The work product privilege is, admittedly, not automatically
17 waived by disclosure to a third person.  *See Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal.
18 1994).  However, there will be a waiver if the disclosure to the third person "'substantially increases
19 the opportunity for potential adversaries to obtain the information.'"  *Id.*; *see also McKesson*, 2005
20 U.S. Dist. LEXIS 7098, at *30-31 (noting that there will be waiver if the work product may become
21 readily accessible to an adversary as a result of voluntary disclosure to a third party).  In the instant
22 case, Plaintiff's representative would have disclosed his mental impressions to the Copyright Office,
23 a third party who has no common interest with Plaintiff, and there is no evidence that Plaintiff took
24 any steps to ensure that those communications would remain confidential.  *Compare Nidec Corp. v.*
25 *Victor Co. of Japan*, No. C-05-0686 SBA (EMC), 2007 U.S. Dist. LEXIS 56429, at *8 (N.D. Cal.
26 July 26, 2007) (concluding that disclosure did not substantially increase the likelihood that the
27 document would fall into the hands of an adversary because the disclosure was made only to third
28 parties that had entered into a confidentiality agreement); *McKesson*, 2005 U.S. Dist. LEXIS 7098,

at *46 (noting, in essence, the same); *see also Samuels*, 155 F.R.D. at 201 (concluding that there was no waiver as a result of a disclosure to a third party based on specific evidence submitted by the party asserting the privilege). Plaintiff's apparent failure to take any such steps is especially problematic since, as Defendants point out, there was at least a danger that the communications would be available for public inspection. *See* 17 U.S.C. § 705 (providing that the Copyright Office "shall ensure that records of deposits, registrations, recordations, and other actions taken under this title are maintained, and that indexes of such records are prepared" and that "[s]uch records and indexes, as well as the articles deposited in connection with completed copyright registrations and retained under the control of the Copyright Office, shall be open to public inspection").

Accordingly, the Court orders Plaintiff to produce the communications exchanged between himself (or any of his representatives) and the Copyright Office to Defendants. The documents shall be produced within three (3) days of this order.

IT IS SO ORDERED.

Dated: June 23, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge