UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND E. GARCIA, | No. C-07-2279 EMC |
| Plaintiff, | |
| v. | **FINAL PRETRIAL CONFERENCE ORDER** |
| DAVID COLEMAN, *et al.*, | |
| Defendants. _____/ | |

A Final Pretrial Conference was held in this matter on January 7, 2009. Pursuant to Federal Rule of Civil Procedure 16(e), this order memorializes the rulings made and stipulations entered into on that day.

## I.   TRIAL DATE & LENGTH OF TRIAL

A. Jury selection shall be held on January 16, 2009, at 8:30 a.m.

B. The trial shall begin on January 16, 2009, after jury selection is completed. The trial shall resume on January 21, 2009, at 8:30 a.m. (counsel, however, should be present before the Court at 8:00 a.m.), and shall continue through January 26, 2009, for a total of five court days. Trial days shall last from 8:30 a.m. to 4:30 p.m.

C. Plaintiff shall have 9 hours to present his evidence, and Defendants 9 hours to present their evidence. This includes direct examination by one side of its witnesses, cross-examination by that side of the opposing party's witnesses, and any rebuttal. This does not include opening statements and closing arguments (the Court will impose separate limits), nor does this include jury selection and instructions.

## II. PROCEDURE FOR EXHIBITS AT/DURING TRIAL

A. No later than the end of each trial day, counsel shall inform opposing counsel of which exhibits, if any, he or she intends to introduce during the next trial day and, if necessary, with respect to which sponsoring witness. If any such exhibits are still objected to, both counsel shall notify the Court after the jury is excused for the day and shall identify the exhibits at issue and the objections. The Court will then schedule a conference that afternoon or the following morning to resolve the dispute.

B. With respect to exhibits to be used on the first day of trial, counsel shall inform opposing counsel of which exhibits, if any, he or she intends to introduce by January 14, 2009. If any such exhibits are still objected to, both counsel shall notify the Court by 4:00 p.m., January 15, 2009, and shall identify the exhibits at issue and the objections. Counsel should notify the Court via e-filing *and* via fax at (415) 522-4200. The Court will then address the dispute on the first day of trial, *i.e.*, on January 16, 2009, before any testimony begins.

C. If a party intends to use a projector or other equipment to show an exhibit (or demonstrative) to the jury, that equipment shall be set up and ready for use by 8:30 a.m. each day. The parties should immediately file with the Court, if necessary, administrative requests to bring projectors and/or other equipment to the courthouse for use at trial.

## III. PROCEDURE FOR WITNESSES AT/DURING TRIAL

A. Each party shall be prepared, during its case in chief or any rebuttal, to present its next witness. At any time, if the party whose case is being presented is not prepared to present its next witness, that party shall be deemed to have rested that portion of its case. No further witnesses shall be permitted by the party who has so rested in that portion of the case (*e.g.*, case in chief or rebuttal) unless otherwise ordered by the Court.

B. Counsel are expected to cooperate with each other in the scheduling and production of witnesses, including informing one another of witness order. Counsel should give opposing counsel reasonable notice (at least one day) with respect to which witnesses will be testifying on a particular day. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

C. Only one lawyer for each party may examine any single witness.

D. If a witness is testifying at the time of a recess or adjournment and has not been excused, the witness shall be seated back on the stand when the court reconvenes. If a new witness is to be called immediately following recess or adjournment, the witness should be seated in the front row, ready to be sworn in.

E. Counsel shall refrain from eliciting testimony regarding any undisputed facts as set forth in any stipulation filed with the Court. The Court may read to the jury such undisputed facts at appropriate points in the trial.

F. Immediately before each new witness takes the stand, counsel calling the witness shall place on the witness stand a clearly marked copy of each exhibit that counsel expects to have the witness refer to during his or her direct examination. Immediately before beginning cross-examination, counsel conducting cross-examination shall do the same with any additional exhibits to be referenced on cross.

G. If counsel intends to have the witness draw diagrams or put markings on visual exhibits or diagrams prepared by the party calling the witness, the witness shall do so before taking the stand. Once on the stand, the witness shall adopt the diagrams and/or markings and explain what they represent. If the diagram or visual exhibit is prepared by the opposing party, the witness shall not make any markings on the diagram or visual exhibit without leave of the Court.

### IV.   OTHER PROCEDURES AT/DURING TRIAL

A. To make an objection, counsel shall rise, say "objection," and briefly state the legal ground (*e.g.*, hearsay or irrelevant). There shall be no speaking objections or argument from either counsel unless requested by the Court. Only one counsel may make objections for each witness.

B. Bench conferences, or the equivalent of sidebars, will not be permitted absent truly extenuating circumstances. Disputes regarding exhibits shall be resolved as set forth in Part II, *supra*. Any other disputes or problems should be addressed either before the trial day commences, at the end of the trial day, or during a recess, if necessary.

## V. PLAINTIFF'S MOTIONS IN LIMINE

A. <u>Plaintiff's Motion in Limine No. 1 (Docket No. 74)</u>

In his first motion, Plaintiff asks that the Court bar Defendants from introducing any evidence that was (1) requested pursuant to a discovery request from Plaintiff and (2) not produced by Defendants in response.

The Court **DENIES** the motion without prejudice. Plaintiff has not identified any specific evidence that he requested and that Defendants failed to produce, on which Defendants are now relying on.

B. <u>Plaintiff's Motion in Limine No. 2 (Docket No. 75)</u>

In his second motion, Plaintiff asks that the Court bar Defendants from introducing any evidence that (1) should have been disclosed pursuant to Federal Rule of Civil Procedure 26(e)(1)(A) and (2) was not produced by Defendants as required.

The Court **DENIES** the motion without prejudice. Plaintiff has not identified any specific disclosure that Defendants failed to produce, which Defendants are now relying on.

## VI. DEFENDANTS' MOTION IN LIMINE

A. <u>Defendants' Motion in Limine No. 1 (Docket No. 69)</u>

In their first and only motion, Defendants ask that Plaintiff be precluded from "presenting evidence of, or mentioning at trial his alleged ownership of a Sonoma Ridge wine label design and/or a Sonoma Ridge brand name." Mot. at 2.

The motion is **GRANTED** in part and **DENIED** in part. The motion is denied because, as a practical mater, it will be impossible for the trial to proceed without some discussion of the wine label design and brand name.

However, the Court is not unsympathetic to Defendants' concern, particularly given the way that Plaintiff has presented his case in his trial brief, and thus emphasizes that the focus of the trial is Defendants' use of the photograph at issue; the trial is not about the wine label design or the brand name. Plaintiff is forewarned that he and/or his counsel may be sanctioned should they place undue emphasis on, or try to shift the focus of the trial to, the wine label design or brand name. Any such undue testimony will be subject to objections and exclusion.

4

To address Defendants' concern, the Court shall read (1) a description of the case to the potential jurors at voir dire and (2) a limiting instruction to the jury at the conclusion of the trial, both of which shall reflect that the issue for trial is Defendants' use of the photograph at issue, and not the wine label design or brand name. The parties shall meet and confer to stipulate to the language of (1) the statement of the case and (2) the limiting instruction. The parties shall file the joint proposed statement of the case limiting instruction with the Court by January 14, 2009. If the parties are unable to reach agreement on the language, the joint submission should reflect each party's respective proposal.

### VII.   WITNESSES

A.   Plaintiff

For his case-in-chief, Plaintiff intends to call or may call, if the need arises, the following witnesses.

1. Roland E. Garcia.
2. David Coleman.
3. Ayn Coleman.
4. Kelly Garcia.
5. AC Label.
6. Vintage 99.
7. Lenny Siegel.

B.   Defendants

For their case-in-chief, Defendants intend to call or may call, if the need arises, the following witnesses.

1. David Coleman.
2. Roland E. Garcia.
3. Kelly Garcia.
4. Wines Limited, LLC.
5. Pyramid Wines.
6. AC Label.

7.      Vintage 99.

C.     Deposition Testimony

Plaintiff intends to offer as evidence certain deposition testimony by Defendant David Coleman in an unrelated lawsuit, *Ridge Vineyards, Inc. v. Allied Management, Inc.*  *See* Joint Pretrial St. at 15.  The parties should meet and confer to determine how such evidence should be presented to the jury (*e.g.*, read into the record).

## VIII.     WRITTEN DISCOVERY RESPONSES & EXHIBITS

A.     Written Discovery Responses

Plaintiff intends to offer certain interrogatory responses and responses to requests for admission by Defendant David Coleman.  *See* Joint Pretrial St. at 13-15.  Plaintiff has indicated that he intends to read the discovery requests and responses into the record and further provide a copy of the requests and responses to the jury as an exhibit.  The Court orders Plaintiff to file a supplemental exhibit immediately; it shall give Defendants an opportunity to make an objection to the exhibit before it rules on admissibility.

B.     Exhibits

Plaintiff did not file any objections to Defendants' exhibits.  Therefore, all of Defendants' exhibits are deemed admitted.

Defendants have objected to some of the exhibits offered by Plaintiff.

- The objection to Plaintiff's Exhibit 45 is sustained.  The affidavit is hearsay.
- The Court reserves ruling on the admissibility of the "compilation" exhibits, *i.e.*, Exhibits 35, 38, and 44.  Defendants shall be given an opportunity to review the compilations in order to determine if there are any issues regarding accuracy.
- The Court reserves ruling on the admissibility of Exhibit 36.  Plaintiff must lay a foundation for this exhibit (including establishing its authenticity) before it may be admitted.
- The Court reserves ruling on the admissibility of Exhibits 5, 6, 7, 11, and 12.  Plaintiff has indicated that he may not use all of the exhibits at trial.  Moreover, the Court cannot make an accurate determination of relevancy until trial.

6

## IX. DEMONSTRATIVES

The parties shall meet and confer in advance (prior to the date of demonstration) and exchange demonstratives to avoid objections. Any objections shall be brought to the Court's attention before 4:00 p.m. the day prior to being exhibited.

## X. JURY QUESTIONNAIRE, JURY VOIR DIRE, JURY INSTRUCTIONS & VERDICT FORM

A. Short Statement to Potential Jurors

The Court shall read to the potential jurors a short statement about the case prior to voir dire. The parties shall provide a stipulated statement (one or two paragraphs) to the Court by January 14, 2009.

B. Jury Questionnaire and Voir Dire

The Court shall not use a jury questionnaire but shall voir dire the potential jurors (taking into account the proposed voir dire submitted by the parties). The Court has already described in its Case Management Conference order the list of standard questions it intends to ask. *See* Docket No. 30. The Court shall also give each party a brief opportunity (twenty minutes each) to voir dire the potential jurors after questioning by the Court.

C. Jury Instructions

The Court shall provide the parties with its proposed jury instructions, and the parties shall then be given an opportunity to make comments.

D. Verdict Form

At this juncture, the Court intends to provide a general verdict form to the jury, consistent with the parties' proposed verdict forms.

This order disposes of Docket Nos. 69, 74, and 75.

IT IS SO ORDERED.

Dated: January 9, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge