1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROLAND E. GARCIA,

        Plaintiff,

   v.

DAVID COLEMAN, *et al.*,

        Defendants.

_____/

No. C-07-2279 EMC

**PROPOSED JURY INSTRUCTIONS**

(Given to counsel 1/14/2009)

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**

**United States District Court**
For the Northern District of California

# I.   PRELIMINARY INSTRUCTIONS (READ AT OUTSET OF TRIAL)

### JURY INSTRUCTION NO. [1.1B] --  DUTY OF JURY

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [1.2 and 17.0] -- CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Roland E. Garcia (doing business as Garcia International Trading), claims ownership of a copyright in a photograph and seeks damages against the defendants, David Coleman and Amerivine, Inc., for copyright infringement. The defendants deny that the plaintiff is the owner of the photograph at issue and further deny infringing the copyright. The defendants also assert affirmative defenses, *e.g.*, the plaintiff granted them a nonexclusive license to use the photograph, the plaintiff's lawsuit is barred by the statute of limitations or the doctrine of laches, the plaintiff abandoned any rights to the photograph, and the plaintiff committed a fraud on the Copyright Office. Although the photograph in question was used on a wine label, this case does not involve a dispute over the ownership of either the wine label or the label design. Only the photograph is at issue in this case.

To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a pictorial work such as a photograph.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

**COPYRIGHT INTERESTS**

The copyright owner may transfer, sell, or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, or displaying, the copyrighted work. To be valid, the transfer, sale, or conveyance must be in writing. The person to whom a right is transferred is called an assignee.

One who owns a copyright, whether as an original owner or an assignee, may agree to let another person reproduce, prepare a derivative work of, distribute, or display the copyrighted work. The person to whom this right is transferred is called a licensee.

### HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work.  After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, distributes, or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Copyright may also be infringed by vicariously infringing.

### VICARIOUS INFRINGEMENT

An employer is liable for copyright infringement by its employee or agent if the employee's infringing acts were committed within the scope of the employment or agency.

### DEFENSES TO INFRINGEMENT

The defendants contend that there is no copyright infringement.  There is no copyright infringement where a plaintiff does not own the copyright, a plaintiff has granted a defendant a nonexclusive license, a plaintiff's lawsuit is barred by the statute of limitations or the doctrine of laches, a plaintiff has abandoned the copyright, or a plaintiff has committed a fraud on the Copyright Office.

**[Note for parties: Information about contributory infringement is not provided for the reasons provided below.]**

**Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction 17.0;** *Fonovisa, Inc. v. Cherry Auction, Inc.***, 76 F.3d 259, 262 (9th Cir. 1996) (vicarious liability).**

**JURY INSTRUCTION NO. [1.3] -- BURDEN OF PROOF -- PREPONDERANCE**

**OF THE EVIDENCE**

When a party has the burden of proof on any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [1.6] -- WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. [1.7] -- WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. [1.8] -- EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1    **JURY INSTRUCTION NO. [1.9] -- DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2         Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4    evidence is proof of one or more facts from which you could find another fact.  You should consider

5    both kinds of evidence.  The law makes no distinction between the weight to be given to either direct

6    or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7         By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

8    find from that fact that it rained during the night.  However, other evidence, such as a turned on

9    garden hose, may provide a different explanation for the presence of water on the sidewalk.

10   Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

11   consider all the evidence in the light of reason, experience, and common sense.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10

**JURY INSTRUCTION NO. [1.10] -- RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [1.11] -- CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. [1.12] -- CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**JURY INSTRUCTION NO. [1.13] -- NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**JURY INSTRUCTION NO. [1.14] -- TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [1.15], WHICH ALLOWS JURORS TO PROPOSE QUESTIONS TO A WITNESS AFTER THE LAWYERS HAVE COMPLETED THEIR QUESTIONING, SHALL <u>NOT</u> BE GIVEN.**

**JURY INSTRUCTION NO. [1.18] -- BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**United States District Court**
For the Northern District of California

17

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION [1.19] -- OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. [2.2] -- STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

[Note for parties: At the final pretrial conference, Defendants appeared willing to stipulate to the use of the photograph at issue.  The parties should meet and confer to determine on the language of this stipulation.  The stipulation shall then be incorporated into this jury instruction.]

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. [2.3], WHICH DEALS WITH JUDICIAL NOTICE,**

**SHALL <u>NOT</u> BE GIVEN SINCE NO PARTY HAS POINTED THE COURT**

**TO ANY SPECIFIC FACT OF WHICH IT SHOULD TAKE JUDICIAL NOTICE.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. [2.4] -- DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The defendant David Coleman will be testifying live in this trial.  However, the plaintiff also intends to submit testimony that he gave in a deposition in a different case.  You should consider that deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

21

**JURY INSTRUCTION NO. [2.8], WHICH ADDRESSES IMPEACHMENT EVIDENCE, SHALL <u>NOT</u> BE GIVEN BECAUSE AN INSTRUCTION WILL BE GIVEN ON THE CREDIBILITY OF WITNESSES AND THERE IS NO EVIDENCE HERE, *E.G.*, THAT A WITNESS HAS BEEN CONVICTED OF A CRIME, LIED UNDER OATH ON A DIFFERENT OCCASION, ETC.**

**United States District Court**
For the Northern District of California

1    **JURY INSTRUCTION NO. [2.10] -- USE OF INTERROGATORIES OF A PARTY**

2        Some evidence will be presented to you in the form of answers of one of the parties to

3    written interrogatories submitted by the other side.  These answers were given in writing and under

4    oath, before the actual trial, in response to questions that were submitted in writing under established

5    court procedures.  You should consider the answers, insofar as possible, in the same way as if they

6    were made from the witness stand.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

23

**JURY INSTRUCTION NO. [2.11] -- EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court

For the Northern District of California

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [2.12] -- CHARTS AND SUMMARIES NOT**

**RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [2.13] -- CHARTS AND SUMMARIES IN EVIDENCE**

      Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
For the Northern District of California

## II.   <u>FINAL JURY INSTRUCTIONS (READ IMMEDIATELY PRIOR TO DELIBERATIONS)</u>

**JURY INSTRUCTION NO. [1.3] -- BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

27

**JURY INSTRUCTION NO. [1.6] -- WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. [1.7] -- WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. [1.11] -- CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

United States District Court
For the Northern District of California

30

**JURY INSTRUCTION NO. [2.2] -- STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**[Note for parties: At the final pretrial conference, Defendants appeared willing to stipulate to the use of the photograph at issue.  The parties should meet and confer to determine on the language of this stipulation.  The stipulation shall then be incorporated into this jury instruction.]**

United States District Court

For the Northern District of California

1

**JURY INSTRUCTION NO. [2.4] -- DEPOSITION IN LIEU OF LIVE TESTIMONY**

2       A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

3  under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers

4  are recorded.

5       The defendant David Coleman will be testifying live in this trial.  However, the plaintiff also

6  intends to submit testimony that he gave in a deposition in a different case.  You should consider

7  that deposition testimony, insofar as possible, in the same way as if the witness had been present to

8  testify.

9       Do not place any significance on the behavior or tone of voice of any person reading the

10  questions or answers.

1      **JURY INSTRUCTION NO. [2.10] -- USE OF INTERROGATORIES OF A PARTY**

2          Some evidence will be presented to you in the form of answers of one of the parties to

3      written interrogatories submitted by the other side.  These answers were given in writing and under

4      oath, before the actual trial, in response to questions that were submitted in writing under established

5      court procedures.  You should consider the answers, insofar as possible, in the same way as if they

6      were made from the witness stand.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [2.11] -- EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

34

**JURY INSTRUCTION NO. [2.12] -- CHARTS AND SUMMARIES NOT**

**RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1    **JURY INSTRUCTION NO. [2.13] -- CHARTS AND SUMMARIES IN EVIDENCE**

2        Certain charts and summaries may be received into evidence to illustrate information brought

3    out in the trial.  Charts and summaries are only as good as the underlying evidence that supports

4    them.  You should, therefore, give them only such weight as you think the underlying evidence

5    deserves.

**JURY INSTRUCTION NO. [17.0] -- COPYRIGHT**

The plaintiff, Roland E. Garcia (doing business as Garcia International Trading), claims ownership of a copyright in a photograph and seeks damages against the defendants, David Coleman and Amerivine, Inc., for copyright infringement. The defendants deny that the plaintiff is the owner of the photograph at issue and further deny infringing the copyright.  The defendants also assert affirmative defenses, *e.g.*, the plaintiff granted them a nonexclusive license to use the photograph, the plaintiff's lawsuit is barred by the statute of limitations or the doctrine of laches, the plaintiff abandoned any rights to the photograph, and the plaintiff committed a fraud on the Copyright Office. Although the photograph in question was used on a wine label, this case does not involve a dispute over the ownership of either the wine label or the label design.  Only the photograph is at issue in this case.

**Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction 17.0.**

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. [17.1] -- COPYRIGHT -- DEFINED

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

(1)  authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2)  recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

(3)  distribute copies of the copyrighted work to the public by sale or other transfer of ownership]; and

(4)  display publicly a copyrighted pictorial work such as a photograph.

It is the owner of a copyright who may exercise these exclusive rights to copy.  The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against production, adaptation, distribution, or display of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.  Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

**Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction 17.1.**

1

**JURY INSTRUCTION NO. [17.2] -- SUBJECT MATTER -- GENERALLY**

2

The work involved in this trial is a photograph.

3

You are instructed that a copyright may be obtained in the photograph at issue.

4

5

**Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction 17.2.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [17.4] -- COPYRIGHT INFRINGEMENT -- ELEMENTS --**

**OWNERSHIP AND COPYING**

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.      the plaintiff is the owner of a valid copyright; and

2.      the defendant(s) copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant(s).

**Authority: Ninth Circuit Model Civil Jury Instruction 17.4.**

**JURY INSTRUCTION NO. [17.5] -- OWNERSHIP OF VALID COPYRIGHT --**

**DEFINITION**

The plaintiff is the owner of a valid copyright in the photograph if the plaintiff proves by a preponderance of the evidence that:

1.      the plaintiff's work is original; and

2.      the plaintiff is the author or creator of the work or received a transfer of the copyright.

**Authority: Ninth Circuit Model Civil Jury Instruction No. 17.5.**

1    **JURY INSTRUCTION NO. [17.6] -- COPYRIGHT INTERESTS -- AUTHORSHIP**

2         The creator of an original work is called the author of that work. An author originates or

3    "masterminds" the original work, controlling the whole work's creation and causing it to come into

4    being.

5

6    **Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction No. 17.6.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. [17.10] -- COPYRIGHT INTERESTS -- ASSIGNEE**

2      In this case, the plaintiff does not claim to be the author, creator, or initial owner of the

3   copyright at issue.  Instead, the plaintiff claims that he received the copyright by virtue of

4   assignment from the work's author, creator, or initial owner so that the plaintiff is now the assignee

5   of the copyright.

6      A copyright owner may transfer, sell, or convey to another person all or part of the owner's

7   property interest in the copyright; that is, the right to exclude others from copying the work.  The

8   person to whom the copyright is transferred, sold, or conveyed becomes the owner of the copyright

9   in the work.

10      To be valid, the transfer, sale, or conveyance must be in writing.  The person to whom this

11   right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an

12   action for copyright infringement.

13

14   **Authority: Ninth Circuit Model Civil Jury Instruction No. 17.10.**

**JURY INSTRUCTION NO. [17.15] -- COPYING**

Instruction No. [17.4] states that the plaintiff has the burden of proving that the defendants copied original elements from the plaintiff's copyrighted work.  In the instant case, the parties agree that the defendants used, and therefore, copied, the photograph at issue.

**Authority:** *Modified* **Ninth Circuit Model Civil Jury Instruction No. 17.15.**

**United States District Court**
For the Northern District of California

1

2

**JURY INSTRUCTION NO. [XXX] -- COPYRIGHT -- AFFIRMATIVE DEFENSE --**

**NONEXCLUSIVE LICENSEE**

3      The defendants contend that they cannot be held liable for copyright infringement because

4   the plaintiff gave them a nonexclusive license to use the photograph.

5      One who owns a copyright, whether as an original owner or an assignee, may agree to let

6   another person reproduce, prepare a derivative work of, distribute, or display the copyrighted work.

7   The person to whom this right is transferred is called a licensee.  A nonexclusive license may be

8   granted orally.  A copyright owner who grants a nonexclusive license to use his copyrighted material

9   waives his right to sue the licensee for copyright infringement.

10      In order to show a nonexclusive license, a defendant has the burden of proving, by a

11   preponderance of the evidence, that the plaintiff agreed to let him or it reproduce, prepare a

12   derivative work of, distribute, or display the copyrighted work.

13      If you find that the defendant(s) has (have) proved the elements of this affirmative defense,

14   your verdict should be for the defendant(s).

15      **[Note to parties: The Court rejects Mr. Garcia's proposed instruction (Special**

16   **Instruction No. 2) on implied licenses.  The requirement that a copyright holder know of the**

17   **use and encourage it is applicable only where there is a contention that there was an implied**

18   **license.  In the instant case, Defendants have not asserted any claim of implied license.]**

19

20   **Authority:** *Foad Consulting Group v. Musil Govan Azzalino*, 270 F.3d 821, 825-26 (9th Cir.

21   2001); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999).

22

23

24

25

26

27

28

45

1
2

**JURY INSTRUCTION NO. [XXX] -- COPYRIGHT -- AFFIRMATIVE DEFENSE -- STATUTE OF LIMITATIONS**

3    The defendants contend that the plaintiff's copyright infringement claim is barred by the
4    statute of limitations.

5    A claim for copyright infringement must be filed within three years after the claim has
6    accrued, or it is barred.  A claim for copyright infringement accrues (*i.e.*, arises) when the plaintiff
7    has knowledge of the infringement or is chargeable with such knowledge.

8    The statute of limitations does not bar a claim based on infringing conduct occurring more
9    than three years prior to the filing of suit if the plaintiff was unaware of the infringement, and that
10   lack of knowledge was reasonable under the circumstances.  Whether a plaintiff's lack of knowledge
11   was reasonable takes into account what a reasonable copyrightholder in the plaintiff's position
12   would have known.

13   In order to show a statute-of-limitations bar, a defendant has the burden of proving, by a
14   preponderance of the evidence, that the plaintiff failed to file his lawsuit within three years after the
15   copyright infringement accrued (*i.e.*, when the plaintiff had knowledge of the infringement or is
16   chargeable with such knowledge).

17   If you find that the defendant(s) has (have) proved the elements of this affirmative defense,
18   your verdict should be for the defendant(s).

19

20   **Authority: See authority cited in summary judgment order.**

21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

46

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [XXX] -- COPYRIGHT --**

**AFFIRMATIVE DEFENSE -- LACHES**

The defendants contend that the plaintiff's copyright infringement claim is barred by the doctrine of laches.

Laches means a person's unreasonable delay in pursuing a claim in a way that prejudices the party against whom relief is sought.

In order to show laches, a defendant has the burden of proving, by a preponderance of the evidence, each of the following:

1.     the plaintiff unreasonably delayed in filing the lawsuit; and

2.     the plaintiff's delay prejudiced the defendant.

If you find that the defendant(s) has (have) proved each of the elements of this affirmative defense, your verdict should be for the defendant(s).

**Authority:** ***Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).**

1
2

**JURY INSTRUCTION NO. [17.19] -- COPYRIGHT -- AFFIRMATIVE DEFENSE --
ABANDONMENT**

3   The defendants contend that a copyright does not exist in the plaintiff's work because the

4   plaintiff abandoned the copyright.  The plaintiff cannot claim ownership of the copyright if it was

5   abandoned.

6   In order to show abandonment, a defendant has the burden of proving each of the following

7   by a preponderance of the evidence:

8   1.   the plaintiff intended to surrender ownership rights in the work; and

9   2.   an act by the plaintiff evidencing that intent.

10   Mere inaction, or publication without a copyright notice, does not constitute abandonment of

11   the copyright; however, these may be factors for you to consider in determining whether the plaintiff

12   has abandoned the copyright.

13   If you find that the defendant(s) has (have) proved each of the elements of this affirmative

14   defense, your verdict should be for the defendant(s).

15

16   **Authority: Ninth Circuit Model Civil Jury Instruction No. 17.19.**

17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. [XXX] -- COPYRIGHT -- AFFIRMATIVE DEFENSE -- FRAUD ON COPYRIGHT OFFICE

The defendants contend that any copyright in the photograph is invalid because the plaintiff defrauded the Copyright Office when he was applying for the copyright registration. More specifically, the defendants argue that the plaintiff defrauded the Copyright Office because he should have listed himself as the assignee of the ownership rights, and not the author.

Fraud on the Copyright Office occurs when a person who submits an application for a copyright registration knowingly fails to advise the Copyright Office of facts which might have occasioned the rejection of the application. An inadvertent mistake does not constitute fraud.

In order to show fraud on the Copyright Office, a defendant has the burden of proving, by a preponderance of the evidence, that:

(1)     the plaintiff knowingly failed to advise the Copyright Office of facts which might have
        occasioned the rejection of his application for copyright registration; and

(2)     the defendant was prejudiced by the fraud.

If you find that the defendant(s) has (have) proved the elements of this affirmative defense, your verdict should be for the defendant(s).

[Note for parties: Although previously the Court expressed concern about the use of the phrase "which might have occasioned the rejection of the application" (*i.e.*, was more specificity needed as to what might occasion a rejection), the Court has decided to leave the phrase as it is. The Court has not been able to find any legal authority that says that the Copyright Office would reject an application based on the circumstances here -- *i.e.*, when the copyright claimant states that he is the author but really is the assignee. In absence of such legal authority, Defendants cannot claim that, as a matter of law, the Copyright Office would have rejected Mr. Garcia's application. In other words, for this affirmative defense, Defendants need to present evidence that that is what Copyright Office would have done. In the absence of any evidence, the defense will not be available to Defendants and the Court shall not read this instruction to the jury. (The Court shall also modify any other instruction that refers to this defense.)

49

1

2   **Authority:** *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 1999);

3   *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1999); *Urantia Found. v. Maaherra*,

4   114 F.3d 955, 963 (9th Cir. 1997); *Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir.

5   1984); *Lanard Toys, Ltd. v. Novelty, Inc.*, 511 F. Supp. 2d 1020, 1034 (C.D. Cal. 2007).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

**JURY INSTRUCTION [17.20] -- DERIVATIVE LIABILITY -- VICARIOUS INFRINGEMENT -- ELEMENTS AND BURDEN OF PROOF**

3   If you find that the defendant David Coleman infringed the plaintiff's copyright in the

4   photograph, and that the defendant David Coleman has not proven an affirmative defense, you may

5   consider the plaintiff's claim that the defendant Amerivine, Inc. vicariously infringed that copyright.

6   The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant

7   David Coleman's infringing acts were committed within the scope of his employment with the

8   defendant Amerivine, Inc.  In particular, the plaintiff has the burden of proving each of the following

9   by a preponderance of the evidence:

10   1.   Amerivine, Inc. profited directly from the infringing activity of David Coleman;

11   2.   Amerivine, Inc. had the right and ability to supervise or control the infringing activity of

12        David Coleman; and

13   3.   Amerivine, Inc. failed to exercise that right and ability.

14   If you find that the plaintiff proved the defendant David Coleman is liable for infringing

15   plaintiff's copyright, and that infringing acts were committed within the scope of his employment

16   with the defendant Amerivine, Inc., your verdict should be for the plaintiff and against defendant

17   Amerivine, Inc.  If, on the other hand, the plaintiff has failed to prove the above, your verdict should

18   be for the defendant Amerivine, Inc.

19

20

21   **Authority: Ninth Circuit Model Jury Civil Jury Instruction No. 17.20;** *Fonovisa, Inc. v. Cherry*

22   *Auction, Inc.*, **76 F.3d 259, 262 (9th Cir. 1996).**

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17.21, WHICH ADDRESSES CONTRIBUTORY**

**INFRINGEMENT, SHALL <u>NOT</u> BE GIVEN BECAUSE PLAINTIFF'S THEORY**

**IS THAT MR. COLEMAN WAS ACTING AS AN AGENT OR EMPLOYEE OF**

**AMERIVINE IN CONDUCTING THE ALLEGEDLY INFRINGING ACTIVITY,**

**NOT THAT AMERIVINE HELPED MR. COLEMAN TO INFRINGE.**

**JURY INSTRUCTION NO. [17.22] -- COPYRIGHT -- DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff is entitled to recover the actual damages suffered as a result of the infringement.  In addition, the plaintiff is also entitled to recover any profits of the defendant(s) attributable to the infringement.  The plaintiff must prove damages by a preponderance of the evidence.

**[Note for parties: The Court shall not give the general damages instructions, *see* 9th Cir. Model Civil Jury Instruction No. 5.1 *et seq.*, because there are specific damages instructions for copyright infringement claims.]**

**[Note for parties: The Court will need to modify this instruction depending on whether Mr. Garcia presents evidence of actual damages.  *See infra*.]**

**Authority: Ninth Circuit Model Civil Jury Instruction Nos. 5.1, 17.22.**

**JURY INSTRUCTION NO. [17.23] -- COPYRIGHT -- DAMAGES -- ACTUAL DAMAGES**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant(s) of the plaintiff's work.  That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's (defendants') unauthorized use of the plaintiff's work.

[Note to parties: It is not clear to the Court that Mr. Garcia is seeking as part of his damages, actual damages.  This instruction shall be given only if Mr. Garcia presents evidence of actual damages.]

**Authority: Ninth Circuit Model Civil Jury Instruction No. 17.23.**

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [17.24] -- COPYRIGHT -- DAMAGES -- DEFENDANT'S PROFITS**

In addition to actual damages, the copyright owner is entitled to any profits of the defendant(s) attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's (defendants') profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The defendant's (defendants') profit is determined by deducting all expenses from the defendant's (defendants') gross revenue.

The defendant's (defendants') gross revenue is all of the defendant's (defendants') receipts from the sale of a product containing or using the copyrighted work.  The plaintiff has the burden of proving the defendant's (defendants') gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's (defendants') gross revenue.  A defendant has the burden of proving his or its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant(s) has (have) the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

==[Note to parties: If the actual damages instruction is not given, then this instruction will need to be modified.]==

**Authority: Ninth Circuit Model Civil Jury Instruction No. 17.24.**

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. [17.27] -- COPYRIGHT -- DAMAGES -- WILLFUL**

**INFRINGEMENT**

An infringement is considered willful when the plaintiff has proved both of the following

elements by a preponderance of the evidence:

1.      the defendant(s) engaged in acts that infringed the copyright; and

2.      the defendant(s) knew that those acts infringed the copyright.

If you find that a defendant has willfully infringed, then the defendant is barred from

deducting his or its expenses from gross revenue to establish profit. *See* Jury Instruction No. [17.24]

above.

**Authority: *Modified* Ninth Circuit Model Civil Jury Instruction No. 17.27 (including**

**comments).**

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [3.1] -- DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. [3.2] -- COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**United States District Court**
For the Northern District of California

58

**JURY INSTRUCTION NO. [3.3] -- RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**United States District Court**
For the Northern District of California