1  William J. Arnone, Jr., Esq., SBN 87803
   Alicia M. Kantor, Esq., SBN 236554
2  MERRILL, ARNONE & JONES, LLP
   3554 Round Barn Boulevard, Suite 303
3  Santa Rosa, California 95403
   Telephone: (707) 528-2882
4  Facsimile:  (707) 528-6015

5  Attorneys for Defendants
   DAVID COLEMAN, and
6  AMERIVINE, INC.

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
10 ROLAND E. GARCIA, doing business as      CASE NO. C 07 2279 EMC
   "GARCIA INTERNATIONAL
   TRADING,"
11
12         Plaintiff,
                                             **DEFENDANTS' REQUEST FOR
13     vs.                                   MODIFICATION OF PROPOSED
                                             JURY INSTRUCTIONS**
14 DAVID COLEMAN, an individual;
   ANN COLEMAN, an individual;
15 AMERIVINE, INC.; and
   DOES 1-100,
                                             **Trial**
16         Defendants.                       Date:       January 16, 2009
                                             Time:       8:30 a.m.
17                                           Courtroom:  D - 15th Floor
                                                         Golden Gate Avenue
18                                                       San Francisco

19
20
21
22 _____/
23
24
25
26
27
28
                                    1

Defendants request that the court modify its proposed jury instructions, numbers 1.2 and 17.0, as reflected in the attached revisions. The Defendants also request that Jury Instruction No. XXX be eliminated entirely since Defendants are hereby withdrawing the affirmative defense of fraud on the Copyright Office. Defendants also request that the attached Limiting Instruction be given to the jury before it begins deliberations.

Defendants also request that the court modify proposed jury instruction number 17.27 by eliminating the last sentence as reflected in the attached revised version. This request is based on Defendants' belief that the sentence improperly expands the doctrines stated in the cases relied upon in the comments to *Ninth Circuit Model Civil Jury Instruction* 17.27 to prohibit the deduction of all expenses incurred in determining profits made from allegedly infringing sales. The case cited in the comments made no such ruling. In Kamar International v. Russ Berrie & Co. 752 F.2d 1326 (1984) the Ninth Circuit Court of Appeal was only addressing the questions of whether overhead costs should be deducted in a determination of profits made by an alleged willful infringer. The court did not dispute the lower court's determination that the costs of goods sold, shipping and other costs of importation and administrative expenses were appropriate deductions from gross revenue. Id., at 1331. Similarly, in the other case cited in the comments, Three Boys Music Company v. Bolton, 212 F.3d 477 (Ninth Circuit 2000), and the U.S. Supreme Court case cited therein, L.P. Larson, Jr. Co. v. William Wrigley, Jr., Company, 299 U.S. 97 (1928), the courts were only addressing the question of whether income tax paid by an infringer ought to be included in the expenses chargeable against the gross revenue figure. Indeed, the U.S. Supreme Court specifically stated that "it would be unjust to charge respondent for gross sales, without deducting for materials and labor necessary for production." Id.

Based on the foregoing authority, Defendant requests that the instruction be given as proposed in the Model Jury Instructions, if at all, *i.e.*, without the final sentence. Of course, Defendants' preference would be not give the instruction at all based on the fact

1  that willful infringement is only relevant in cases involving a request for statutory
2  damages. Here, it is undisputed that the Plaintiff is not entitled to statutory damages.

3  Dated: January 15, 2008                    MERRILL, ARNONE & JONES, LLP

4                                             By:    /s/WILLIAM J. ARNONE, JR.
5                                                    William J. Arnone, Jr., Esq.
                                                     Attorneys for Defendants
6                                                    DAVID COLEMAN
                                                     and AMERIVINE, INC.
7

**REQUESTED MODIFICATIONS TO PAGE 3:**

**JURY INSTRUCTION NO. [1.2 AND 17.0] – CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Roland E. Garcia (doing business as Garcia International Trading), claims ownership of a copyright in a photograph and seeks damages against the defendants, David Coleman and Amerivine, Inc., for copyright infringement.  The defendants deny that plaintiff is the owner of the photograph at issue and further deny infringing the copyright.  The defendants also assert affirmative defenses, *e.g.*, the plaintiff granted them a nonexclusive license to use the photograph, the plaintiff's lawsuit is barred by the statute of limitations or the doctrine of laches, <u>and</u> the plaintiff abandoned any rights to the photograph<u>.</u><s>, and the plaintiff committed a fraud on the Copyright Office.</s>  Although the photograph in question was used on a wine label, this case does not involve a dispute over the ownership of <s>either</s> the wine label<u>, the brand name</u> or the label design.  Only the photograph is at issue in this case.

**[REMAINDER OF PAGE 3 UNCHANGED]**

**REQUESTED MODIFICATIONS TO PAGE 4:**

One who owns a copyright, whether as an original owner or an assignee, may agree to let another person reproduce, prepare a derivative work of, distribute, or display the copyrighted work.  The person to whom this right is transferred is called a licensee. <u>A nonexclusive license may be granted orally.</u>

**[REMAINDER OF PAGE 4 UNCHANGED]**

**REQUESTED MODIFICATIONS TO PAGE 37:**

**JURY INSTRUCTION NO. [17.0] – COPYRIGHT**

The plaintiff, Roland E. Garcia (doing business as Garcia International Trading), claims ownership of a copyright in a photograph and seeks damages against the defendants, David Coleman and Amerivine, Inc., for copyright infringement.  The

defendants deny that the plaintiff is the owner of the photograph at issue and further deny infringing the copyright. The defendants also assert affirmative defenses, *e.g.*, the plaintiff granted them a nonexclusive license to use the photograph, the plaintiff's lawsuit is barred by the statue of limitations of the doctrine of laches, and the plaintiff abandoned any rights to the photograph., and the plaintiff committed a fraud on the Copyright Office. Although the photograph in question was used on a wine label, this case does not involve a dispute over the ownership of either the wine label, the brand name or the label design. Only the photograph is at issue in this case.

[REMAINDER OF PAGE 37 UNCHANGED]

**REQUESTED MODIFICATION TO PAGE 56:**

**JURY INSTRUCTION NO. [17.0] – COPYRIGHT – DAMAGES – WILLFUL INFRINGEMENT**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant(s) engaged in acts that infringed the copyright; and
2. the defendant(s) knew that those acts infringed the copyright.

If you find that a defendant has willfully infringed, then the defendant is barred from deducting his or its own expenses from gross revenue to establish profit. See Jury Instruction No. [17.24] above.

[REMAINDER OF PAGE 56 UNCHANGED]

1  JURY INSTRUCTION NO. _____

## LIMITING INSTRUCTION

This is a copyright infringement case. The only copyrights at issue in this case relate to a photograph of vineyards on Westside Road in Sonoma County.

Any testimony or evidence relating to the Sonoma Ridge wine label design or the Sonoma Ridge brand name was presented for the limited purpose of explaining the context of the transaction in which the photograph was used.

Any testimony or evidence relating to the Sonoma Ridge wine label design or the Sonoma Ridge brand name may be considered only for this limited purpose and for no other reason.