1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROLAND E. GARCIA,                           No. C-07-2279 EMC

        Plaintiff,

    v.                                  **JURY INSTRUCTIONS**

DAVID COLEMAN, *et al.*,                    (Preliminary Jury Instructions Nos. 1 - 20
                                            given to counsel 1/16/2009)

        Defendants.
_____/

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**

**United States District Court**
For the Northern District of California

## I.   PRELIMINARY INSTRUCTIONS (READ AT OUTSET OF TRIAL)

### JURY INSTRUCTION NO. 1 --  DUTY OF JURY

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

1  **JURY INSTRUCTION NO. 2 -- CLAIMS AND DEFENSES**

2   To help you follow the evidence, I will give you a brief summary of the positions of the

3  parties:

4   The plaintiff, Roland E. Garcia (doing business as Garcia International Trading), claims

5  ownership of a copyright in a photograph and seeks damages against the defendants, David Coleman

6  and Amerivine, Inc., for copyright infringement. The defendants deny that the plaintiff is the owner

7  of the photograph at issue and further deny infringing the copyright. The defendants also assert

8  affirmative defenses, *e.g.*, the plaintiff granted them a nonexclusive license to use the photograph,

9  the plaintiff's lawsuit is barred by the statute of limitations or the doctrine of laches, and the plaintiff

10 abandoned any rights to the photograph. Although the photograph in question was used on a wine

11 label, this case does not involve a dispute over the ownership of the wine label, the label design, or

12 the brand name. Only the photograph is at issue in this case.

13  To help you understand the evidence in this case, I will explain some of the legal terms you

14 will hear during this trial.

15  **DEFINITION OF COPYRIGHT**

16  The owner of a copyright has the right to exclude any other person from reproducing,

17 preparing derivative works, distributing, performing, displaying, or using the work covered by

18 copyright for a specific period of time.

19  Copyrighted work can be a pictorial work such as a photograph.

20  Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or

21 discoveries cannot themselves be copyrighted.

22  **COPYRIGHT INTERESTS**

23  The copyright owner may transfer, sell, or convey to another person all or part of the owner's

24 property interest in the copyright, that is, the right to exclude others from reproducing, preparing a

25 derivative work from, distributing, or displaying, the copyrighted work. To be valid, the transfer,

26 sale, or conveyance must be in writing. The person to whom a right is transferred is called an

27 assignee.

28

3

**United States District Court**
For the Northern District of California

1  One who owns a copyright, whether as an original owner or an assignee, may agree to let

2  another person reproduce, prepare a derivative work of, distribute, or display the copyrighted work.

3  The person to whom this right is transferred is called a licensee.

4  **HOW COPYRIGHT IS OBTAINED**

5  Copyright automatically exists in a work the moment it is fixed in any tangible medium of

6  expression.  The owner of the copyright may register the copyright by delivering to the Copyright

7  Office of the Library of Congress a copy of the copyrighted work.  After examination and a

8  determination that the material deposited constitutes copyrightable subject matter and that legal and

9  formal requirements are satisfied, the Register of Copyrights registers the work and issues a

10  certificate of registration to the copyright owner.

11  **LIABILITY FOR INFRINGEMENT**

12  One who reproduces, prepares derivative works from, distributes, or displays a copyrighted

13  work without authority from the copyright owner during the term of the copyright, infringes the

14  copyright.

15  Copyright may also be infringed by vicariously infringing.

16  **VICARIOUS INFRINGEMENT**

17  An employer is liable for copyright infringement by its employee or agent if the employee's

18  infringing acts were committed within the scope of the employment or agency.

19  **DEFENSES TO INFRINGEMENT**

20  The defendants contend that there is no copyright infringement.  There is no copyright

21  infringement where a plaintiff does not own the copyright, a plaintiff has granted a defendant a

22  nonexclusive license, a plaintiff's lawsuit is barred by the statute of limitations or the doctrine of

23  laches, or a plaintiff has abandoned the copyright.

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3 -- BURDEN OF PROOF -- PREPONDERANCE**

**OF THE EVIDENCE**

When a party has the burden of proof on any claim, or affirmative defense, by a

preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or

affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

5

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 4 -- WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 5 -- WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 6 -- EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

For example: Although the photograph in question was used on a wine label, this case does not involve a dispute over the ownership of the wine label, the label design, or the brand name. Only the photograph is at issue in this case.  Any testimony or evidence relating to the Sonoma Ridge wine label, label design, or brand name will be presented for the limited purpose of explaining the context of the transaction in which the photograph was used.  Any testimony or evidence relating to the Sonoma Ridge wine label, label design, or brand name may be considered only for this limited purpose and for no other reason.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 7 -- DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

**JURY INSTRUCTION NO. 8 -- RULING ON OBJECTIONS**

2      There are rules of evidence that control what can be received into evidence.  When a lawyer

3 asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not

4 permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question

5 may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered,

6 and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore

7 the question and must not guess what the answer might have been.

8      Sometimes I may order that evidence be stricken from the record and that you disregard or

9 ignore the evidence.  That means that when you are deciding the case, you must not consider the

10 evidence that I told you to disregard.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 9 -- CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10 -- CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 11 -- NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**JURY INSTRUCTION NO. 12 -- TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**

For the Northern District of California

14

**JURY INSTRUCTION NO. 13 -- BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 14 -- OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

**JURY INSTRUCTION NO. 15 -- STIPULATIONS OF FACT**

2      The parties have agreed to certain facts that will be read to you.  You should therefore treat

3   these facts as having been proved.

4      In the instant case, the parties agree that the defendants used, and therefore, copied, the

5   photograph at issue.  The defendants, however, deny that the plaintiff is the owner of the photograph

6   at issue.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **JURY INSTRUCTION NO. 16 -- DEPOSITION IN LIEU OF LIVE TESTIMONY**

2        A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

3    under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers

4    are recorded.

5        The defendant David Coleman will be testifying live in this trial.  However, the plaintiff also

6    intends to submit testimony that he gave in a deposition in a different case.  You should consider

7    that deposition testimony, insofar as possible, in the same way as if the witness had been present to

8    testify.

9        Do not place any significance on the behavior or tone of voice of any person reading the

10   questions or answers.

**United States District Court**
For the Northern District of California

18

**JURY INSTRUCTION NO. 17 -- USE OF INTERROGATORIES OF A PARTY**

Some evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 18 -- EXPERT OPINION**

2   Some witnesses, because of education or experience, are permitted to state opinions and the

3 reasons for those opinions.

4   Opinion testimony should be judged just like any other testimony. You may accept it or

5 reject it, and give it as much weight as you think it deserves, considering the witness's education and

6 experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 19 -- CHARTS AND SUMMARIES NOT**

**RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 20 -- CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
For the Northern District of California